IN THE MATTER OF THE APPLICATION OF T. BRANDT FOR A WRIT OF MANDAMUS AGAINST J. MAHIAI KANEAKUA, COUNTY CLERK OF THE COUNTY OF KAUAI, TERRITORY OF HAWAII.

.No. 1190.

MOTION TO DISMISS APPEAL.

SUBMITTED JULY 9, 1919.                    DECIDED JULY 9, 1919.

COKE, C. J., KEMP AND EDINGS, JJ.

COURTS—*opinions on moot questions.*

> An appellate court will not give opinions on moot questions or abstract propositions or declare principles or rules of law which cannot affect the matter in issue.

On May 31, 1919, T. Brandt, of Waimea, County of Kauai, made application by petition to the judge of the circuit court of the fifth judicial circuit for a writ of mandamus to compel the appellant, J. Mahiai Kaneakua, county clerk of the County of Kauai, Territory of Hawaii, to cause the name of said T. Brandt to be, as a candidate for the office of supervisor for the district of Waimea, printed on the official ballots for the county election to be held in said county on June 3, 1919. An alternative writ of mandamus was issued on the morning of May 31 and made returnable at three o'clock in the afternoon of that day. The county clerk filed his return to the writ and after a hearing on the petition the peremptory writ was made permanent and was served upon the county clerk on June 2, 1919. On June 4, 1919, the day following the election, the county clerk filed his return to the peremptory writ showing thereby that said writ had been duly executed and that he had fully com-

plied with the mandates thereof. The county clerk has, however, perfected an appeal to this court. Petitioner Brandt has interposed a motion to dismiss the appeal of the county clerk on the ground "that the controversy between the parties has ceased to exist and there is no subject-matter upon which a judgment of this court could operate."

*Per Curiam*: The election had been held and the writ satisfied before the cause reached this court and it follows that even should the appellant prevail here any judgment that he might obtain would be an empty one, and, as said in *People* v. *Stevens*, 152 Ill. App. 118, "By reason of the occurrence of the election the rights sought to be enforced by the petitioners have become abstract only, and a determination of the same at this time can be of no substantial or practical benefit to them." An appellate court will not give opinions on moot questions or abstract propositions or declare principles or rules of law which cannot affect the matter in issue in the case before it. Accordingly, in reviewing a decision upon an application for a writ of mandamus the judgment of the lower court will not be disturbed where by some change of circumstances since the commencement of the suit the questions litigated and determined below have ceased to be of any practical importance but are academic merely.

If, as claimed by the county clerk, a person other than Mr. Brandt was in fact elected to the office of supervisor of the district of Waimea at the primary election held on May 17, 1919, such person may assert his right to the office by *quo warranto* or other appropriate proceeding.

The motion to dismiss the appeal is granted.

*P. L. Rice* for the motion.

*S. K. Kaeo,* County Attorney of Kauai, contra.