Syllabus.

EUGENE MURPHY, A CITIZEN OF THE UNITED STATES, AN ELECTOR AND PROPERTY OWNER IN THE COUNTY OF MAUI, TERRITORY OF HAWAII, AND AN ATTORNEY AT LAW DULY LICENSED TO PRACTICE LAW IN ALL OF THE COURTS OF THIS TERRITORY, *v.* W. A. McKAY, CLAIMING THE OFFICE OF DISTRICT MAGISTRATE OF WAILUKU, COUNTY OF MAUI, TERRITORY OF HAWAII, AND EXERCISING THE DUTIES OF DISTRICT MAGISTRATE OF WAILUKU, COUNTY OF MAUI, TERRITORY OF HAWAII, AND CLAIMING AND COLLECTING THE EMOLUMENTS OF SAID OFFICE.

No. 1320.

MOTION TO DISMISS APPEAL.

ARGUED SEPTEMBER 12, 1921.          DECIDED SEPTEMBER 12, 1921.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE DeBOLT IN PLACE OF COKE, C. J., ABSENT.

COURTS—*moot question—duty of court.*

The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect and not to give opinions upon moot questions or abstract propositions or to declare principles or rules of law which cannot affect the matter in issue in the case before it.

APPEAL AND ERROR—*dismissal when.*

When pending an appeal from the judgment of a lower court and without any fault of the appellee an event occurs which renders it impossible for this court if it should decide the case in favor of the appellant to grant him any effectual relief the court will not proceed to a formal judgment but will dismiss the appeal.

SAME—*same.*

When the holder of an office resigns pending an appeal from a

judgment ousting him from said office the appeal will be dis-
missed.

## OPINION OF THE COURT BY KEMP, J.
### (Edings, J., dissenting.)

Eugene Murphy, the petitioner-appellee, brought pro-
ceedings in the nature of *quo warranto* against the re-
spondent-appellant, W. A. McKay, to oust said McKay
from the office of district magistrate of Wailuku, County
of Maui, Territory of Hawaii. The proceeding was begun
in the circuit court of the second circuit and there tried
terminating in a judgment entered on the 31st day of
December, 1920, ousting said McKay from said office.

In the petition for the writ it was alleged as ground
therefor that the respondent "is not an elector of the Ter-
ritory of Hawaii and is not a citizen of the United States
of America but is an alien, to wit, a British subject." The
prayer was: (1) For process, (2) that after a full hear-
ing the said W. A. McKay be ousted from said office of
district magistrate of the district court of Wailuku, Coun-
ty of Maui, Territory of Hawaii, and (3) for general
relief. The court in its decision found, and the judgment
of ouster recites, that the said W. A. McKay "is not now
and never has been and at the time of his alleged appoint-
ment was not a citizen of the United States but a subject
of the British Empire" and proceeds to adjudge that he
"is therefore without title to the office of district magis-
trate of Wailuku, County of Maui, Territory of Hawaii,
and that he is hereby ousted and forever excluded from
the actual exercise of the office of district magistrate of
Wailuku, County of Maui, Territory of Hawaii, and that
he hereby is precluded from exercising and drawing the
emoluments of said office."

From this judgment the respondent W. A. McKay
appealed. The record on appeal reached this court on
February 12, 1921. On May 10, 1921, the respondent-

appellant resigned said office and thereafter on August 9, 1921, the petitioner-appellee moved this court to dismiss the appeal, the motion reciting: "1. That the respondent-appellant herein resigned his office of District Magistrate of Wailuku voluntarily on the 10th day of May, 1921. 2. That the respondent-appellant has accepted from the county auditor of the County of Maui a pension of one hundred dollars a month in view of his resignation of the aforesaid office for the months of June and July, A. D. 1921. 3. That no question is before this court now except a moot question in that the said respondent-appellant cannot both accept a pension and be reinstated to an office from which he has resigned and to which another person, Henry C. Mossman, has been appointed." The facts recited in the motion are partly supported by the affidavit of Charles Wilcox, auditor of the County of Maui, and none of the facts recited therein is controverted. In fact counsel for appellant stated in his argument that the facts recited could not be controverted but he argued that the question involved in the case had not thereby been rendered moot. The sole question therefore to be determined in passing upon the motion is, has the matter in issue in the case become a moot question? If it has the appeal will be dismissed. (*In re Brandt,* 25 Haw. 51.)

The clearest and most applicable statement of what will render a question moot that has come to our attention is to be found in the opinion of Mr. Justice Gray in the case of *Mills* v. *Green,* 159 U. S. 651, 653, in the following language: "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from

the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence." The facts in the case of *Tennessee* v. *Condon,* 189 U. S. 64, 70, were very similar to the facts with which we have to deal. In that case the pike commissioners of Knox County, Tennessee, brought suit to oust the public road commissioners from their office, contending that the act which authorized the appointment of public road commissioners to supersede the pike commissioners was in violation of the constitution of Tennessee and of the Fourteenth Amendment to the Constitution of the United States and alleging that the public road commissioners had ousted the pike commissioners from their said office to which they had been duly and legally elected. The case having gone through all of the state courts and judgment being against the pike commissioners they sued out a writ of error from the Supreme Court of the United States and the case reached that court and was docketed December 10, 1901, but was not reached and argued until March, 1903. The terms of office of both the pike commissioners and the road commissioners had expired in January, 1902. The Supreme Court in refusing to pass upon the merits of the petitioners' contention and dismissing the appeal said: "There are cases in *quo warranto* in which judgment of ouster has been entered although the term of the person lawfully entitled had expired, and also where informations have been retained, when the statute provided for fine or damages, but here the proceeding cannot now be maintained as on behalf of the public, and considered, as counsel insists it should be, as merely a contest between

two sets of officials and not between the State and its officials, the state courts would be at liberty to treat it as abated, and the mere matter of costs cannot be availed of to sustain jurisdiction. * * * If we were to hold that the act could be subjected to the test of the Fourteenth Amendment and that it could not stand that test, we should do nothing more than reverse the decree below and remand the cause, and as such a judgment would be ineffectual, we must decline to intimate any opinion on the subject. (Here follows a quotation of the paragraph from *Mills* v. *Green* quoted above.)    We think this writ of error comes within the rule thus declared, and it is therefore dismissed without costs to either party." (pp. 70, 71.)

We are unable to see any difference in principle between that case and this so all that was there said applies with equal force to this.  If we were to hold that the circuit court was in error in any of its rulings or in deciding that respondent is not a citizen of the United States and that the judgment of ouster was therefore erroneous we could not adjudge that he be reinstated in the office from which he was ousted since he has already resigned therefrom.  Any judgment that could be entered would be ineffectual to grant to him any relief whatever.  No costs were adjudged against respondent and we have no statute authorizing a fine or damages for usurping an office so the case does not come within the class referred to in *Tennessee* v. *Condon, supra,* where judgments of ouster have been entered after the term of the one lawfully entitled had expired.

Counsel for the appellant has put forth the argument that since the judgment of ouster was predicated upon the finding that appellant is not a citizen of the United States his citizenship is involved and that his resignation from the office from which he was ousted has not rendered that a moot question.  We think that this argument is completely answered by a statement of the law as to the effect of such

finding and the extent to which it can be used in other proceedings. We think the authorities establish that the judgment in this case not only would not be conclusive on the question of his citizenship in any other proceeding in which it might be questioned but under the circumstances of this case would not even be admissible in evidence on the question of whether or not he is such citizen. (*Wilson* v. *Mitchell,* 48 Col. 454, 111 Pac. 21, 30 L. R. A. (N. S.) 507.) It seems clear to us that if the respondent still claims that he is a citizen of the United States and seeks to exercise any of the functions of such citizenship (other than to hold the office from which he was by that judgment ousted) and his rights in that regard should be questioned, the question of his citizenship would still be open and not foreclosed by the judgment in this case. We cannot know that respondent will again seek to exercise the functions of a citizen and until he does and his rights in that respect are brought in question in such manner as will bring the matter before us no controversy is presented on which we can render a judgment which can be carried into effect.

We therefore decline to pass upon the question at all and order the appeal dismissed without costs to either party.

*E. Murphy* for the motion.

*Wendell F. Crockett* contra.

EDINGS, J.: I respectfully dissent.