SUSAN A. ANDERSON v. LOUIS S. CAIN, AS BUILD-
ING INSPECTOR OF THE CITY AND COUNTY
OF HONOLULU.

No. 1411.

SUSAN A. ANDERSON v. W. G. RAWLEY COMPANY,
LIMITED.

No. 1472.

ERROR TO CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. J. BANKS, JUDGE.

ARGUED JUNE 29, 1923.        DECIDED SEPTEMBER 4, 1923.

PERRY AND LINDSAY, JJ., AND CIRCUIT JUDGE ANDRADE
IN PLACE OF PETERS, C. J., DISQUALIFIED.

APPEAL AND ERROR—dismissal—moot questions.

When, pending an appeal from the judgment of a lower court,
and without any fault of the defendant, an event occurs which
renders it impossible for the appellate court, if it should decide
the case in favor of the plaintiff, to grant him any effectual relief,
the court will not proceed to a formal judgment, but will dismiss
the appeal.

OPINION OF THE COURT BY PERRY, J.

The first of these cases is a mandamus proceeding in
which the complainant asks that the respondent, as build-
ing inspector of the City and County of Honolulu, be com-
pelled to revoke a building permit issued by him to the
W. G. Rawley Company, Limited, for the erection of a
building to be used for the purposes of manufacturing and
selling ice-cream, on the lot of land situate on the makai-
Waikiki corner of Beretania and Keeaumoku streets in
this city. The second is an equity suit for an injunction
to restrain the W. G. Rawley Company, Limited, from

erecting and maintaining the building. The permit in question was granted on February 8, 1922, the building inspector acting in the matter in accordance with his understanding of the requirements of ordinance No. 175, approved December 29, 1919. That ordinance created certain fire and industrial districts and provided that outside of those districts "no building designed for use or intended to be used as a store, stable for more than three (3) animals, public automobile garage, shop, theatre, moving picture house, tenement house, factory, laundry or dairy shall be allowed upon any site within a radius of five hundred (500) feet if vacant or occupied by residences or residential boarding houses without the written consent of sixty per cent. (60%) of the property owners within such radius." The petitioner, who owns and occupies land on the mauka-Ewa corner of Beretania and Keeaumoku streets, attacked the permit on the ground that the written consent of 60% of the property owners within the radius prescribed had not been secured.

In the mandamus suit the circuit judge, without entering into the questions of fact involved, held that the ordinance was not applicable to this case because the land within the prescribed radius was, prior to the issuance of the permit, occupied in part by stores, garages and other buildings used for business purposes.

The petition in the equity suit was based partly upon the same contention that the requirements of ordinance No. 175 had not been complied with but also upon the further contention that even if the permit was validly issued in the first instance it had nevertheless become of no force or effect after the expiration of ninety days from its issuance and that the erection of the factory building had not been commenced until after the end of that period. Ordinance No. 26 prohibits the erection of any building without a permit from the building inspector and

provides (Sec. 8) that "if the work authorized by any permit is not begun within ninety days from the date thereof, said permit shall be thereafter void, and before such work can be commenced a new permit shall be taken out." The period of ninety days from the issuance of the permit expired on May 9, 1922. The evidence is that the contract for the construction of the building was not signed until May 18, 1922, and that the work of actual construction began on the same date. The record is silent as to whether any work was done prior to May 9 by way of removing pre-existing buildings and other obstructions to the erection of the new structure or by way of otherwise preparing the ground for actual construction. Ordinance No. 175 was repealed on April 7, 1922, by ordinance No. 207. The latter created certain fire and industrial districts, provided that all other parts of the City and County of Honolulu should be a "residential district" and prohibited the erection within the residential district of any "building, except a publicly owned building designed to be used or intended to be used for any purpose except as a dwelling, boarding-house or church" except in those portions of the residential district which might first, in compliance with procedure and terms prescribed by the ordinance, be transformed into business districts. The ordinance with subsequent amendments authorized the building inspector, upon the petition of 75% of the owners of property within an area of not less than 500,000 square feet, to call a public hearing and, if thereafter the requisite 75% should still support the petition, to make an order setting aside the area described in the petition as a business district,—subject to a right on the part of any owner of property within said area to appeal to the board of supervisors from the ruling of the building inspector; and further provided that "buildings may be used or

erected to be used for any purpose" within any "business district."

In the equity suit the trial judge entered a decree dismissing the bill. Both cases came to this court upon a writ of error. In each case the respondent moves to dismiss the appeal on the ground that the issue involved is now a moot question, and by affidavit shows the following facts: that on June 21, 1923, a petition under and by virtue of the provisions of ordinance No. 207, signed by owners and lessees of property situate in the Makiki section of this city and lying within certain stated boundaries, was filed in the office of the building inspector praying that the property within said boundaries be set apart and declared a business district; that in pursuance of said petition, "which was in accordance with the provisions of section 124 of said ordinance," notice was duly given of the petition as provided for in section 15 of the ordinance; that, all the requirements of said ordinance No. 207, providing for the establishment of a business district, having been complied with, the property lying within the above described boundaries was duly declared and established a business district and is at the present time a business district; that the term provided for in the ordinance for appeals from the ruling of the building inspector, declaring said property a business district, has expired (the complainant's property was within the boundaries of the proposed business district and she was therefore entitled to appeal); and that "the property leased by the W. G. Rawley Company, Limited, and upon which its ice cream factory building is located is within the boundaries of said business district." This affidavit is undisputed. The motions to dismiss have been submitted upon the record as it stands.

We think that the motions should be granted. It is clear that under ordinance 207 and its amendments and

in view of the creation of a "business district" throughout an area which includes the property upon which the Rawley Company's factory and store building stands, the building objected to by the complainant could be lawfully re-erected tomorrow if we were to order its demolition today. A court of equity of course will not do a vain thing. It would be utterly unreasonable and beyond the proper functions of a court of equity to enjoin under these circumstances the further maintenance of the building. The erection and the maintenance in that location of a building for factory and store purposes are now lawful. "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence." *Mills* v. *Green,* 159 U. S. 651, 653. See also *Murphy* v. *McKay,* 26 Haw. 171, 173; and *Anderson* v. *Rawley, ante* p. 150. The creation of this business district was "without any fault of the defendant." Even if the court were to sustain the contentions of the complainant that the construction of the building was at the time invalid, for the reasons above stated the injunctive relief prayed for would not be granted.

The motions are granted and the writs of error are dismissed.

*E. H. Beebe* (*Thompson, Cathcart & Ulrich* and *Marguerite K. Ashford* on the briefs) for plaintiff in error.

*W. B. Pittman* (*Pittman & Brooks* on the brief) for defendant in error.