INTERNATIONAL MARKET PLACE CORPORATION, Plaintiff-Appellee, *v.* LIZA, INC., and LIZA CHONG, Defendants-Appellants, and GILBERT KAUHI, Defendant

and

INTERNATIONAL MARKET PLACE· CORPORATION and ROBERT CALDWELL, HARRY NEWHART and JACK SNEDEKER, TRUSTEES OF INTERNATIONAL MARKET PLACE MERCHANTS' TRUST, Plaintiffs-Counterdefendants-Appellees, *v.* LIZA, INC., and LIZA CHONG, Defendants-Counterclaimants-Appellants, and GILBERT KAUHI, Defendant

NO. 6535

DECEMBER 15, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This case comes on an interlocutory appeal of an order granting summary possession of certain real property to the plaintiffs-appellees.

Plaintiff-appellee International Market Place (hereinafter IMP) entered into a Licensing and Operating Agreement with the defendants-appellants Liza, Inc. and Liza Chong (hereinafter Liza), wherein Liza contracted with IMP to operate a nightclub known as Duke Kahanamoku's on the premises of the International Market Place Shopping Center. The terms of the agreement covered a myriad of subject areas related to the operation of the nightclub and the concurrent

obligations of the parties thereto. The duration of the lease agreement permitted use of the premises from December 20, 1971 through March 30, 1980.

This action was commenced in April of 1973 in district court by complaint of IMP alleging Liza's failure to comply with certain terms of the lease agreement, particularly with respect to the monthly license or rental fees. A subsequently filed action in circuit court alleging various breaches of the lease and operating agreement was consolidated with the essentially summary possession claim previously filed in district court. In the consolidated circuit court action, Count I sought summary possession damages and costs on Liza's failure to pay monthly license fees and taxes. The other counts alleged various infractions of the parties' licensing agreement and sought damages in the amount of $833.33 for each day appellant remained in wrongful possession, in addition to amounts accrued for breach of certain portions of the lease and operating agreement.

Trial in the matter was delayed while the parties amended pleadings, entered counterclaims, changed counsel and argued various related motions. After a series of pretrial conferences and with the issues identified and narrowed, trial of the case was set for January 11, 1977 by agreement of the parties. On January 6, 1977, five (5) days before the commencement of trial, Liza Chong, one of the defendants-appellants, filed a motion for further continuance of trial on the grounds that she was suffering from mental and emotional illness disabling her from effective participation in the trial. On January 7, 1977, IMP filed a motion under Hawaii Rules of Civil Procedure (HRCP) Rule 42(b), for a separate trial during the week of January 10, 1977 of the single issue of IMP's right to possession of the premises at the International Market Place Shopping Center. Both of these motions were heard on January 10, 1977. Immediately after the hearing there ensued an extended conference in chambers, at which time there was an agreement by the parties for an indefinite continuance of all claims and counterclaims for money damages, upon condition that separate trial of the single issue on IMP's right of possession should proceed no later than January 24, 1977

without further delay and without regard to the state of Defendant Liza Chong's health. Pursuant to this agreement, the court entered an order,[1] *inter alia,* that (1) "separate trial of the limited issue of IMP's right of possession shall commence on Monday, January 24, 1977, without further continuance under any conditions and particularly without regard to the state of Defendant Liza Chong's health and/ability to be present" and (2) "trial of all other and remaining issues, including particularly all claims and counterclaims for money damages shall be continued until moved on by one or the other parties. The trial on the limited issue of right of possession never took place on January 24, 1977. However, after further pretrial conferences, the court on March 10, 1977 entered its Findings of Fact and Conclusions of Law as follows:

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

### *Findings of Fact*

From the pleadings, depositions, affidavits, stipulations, pretrial statements, memoranda, and admissions and representations of counsel during the course of pretrial conferences, as more particularly reflected in Pretrial Orders Nos. 1 through 6, inclusive, the Court makes the following findings of fact:

1. On or about December 21, 1971, Plaintiff and Defendants entered into a contract in writing, denominated a License and Operating Agreement, by the terms of which Defendants were given the right to maintain and operate a cabaret business on the first floor of the Halau Building in the International Market Place, Waikiki, Honolulu, Hawaii, commonly known as "Duke Kahanamoku's" for a term of eight (8) years and forty-four (44) days, commencing February 15, 1972, in consideration of

---

[1] Pretrial Order No. 4. .

the payment to Plaintiff, in addition to other charges, of certain minimum monthly license fees and a percentage license fee equal to certain percentages of Defendants' gross sales.

2. Said License and Operating Agreement included an Article 15 providing as follows:

"In the event the aggregate license fees payable during any year during which the Licensee shall be in possession of all of the licensed premises, i.e., the first twelve (12) calendar months of the period of this Agreement, after such full possession, or any twelve-month period shall be less than one hundred and twenty-five per cent (125%) of the minimum rent payable hereunder, Licensor shall have the option; to be exercised in writing, within six months after the expiration of said period, of terminating this Agreement, effective not less than thirty (30) days after such notice."

3. Defendants have been in possession of all of the licensed premises at all times from February 15, 1972 to date.

4. At no time during any relevant twelve-month period did Defendants pay or tender to Plaintiff aggregate license fees equal to 125% or more of the minimum rent payable under the Agreement, within the meaning of said Article 15 thereof.

5. By written notice dated August 22, 1975, Plaintiff exercised the option to terminate the Agreement, and demanded that Defendants vacate the premises on or before midnight, September 30, 1975. Defendants refused to do so, and remain in possession.

*Conclusions of Law*

1. Plaintiff was entitled to possession of the premises as of October 1, 1975. Defendants [sic] refusal to yield up possession to Plaintiff was and is wrongful.

2. Plaintiff is entitled to judgment accordingly, and to the issuance of a Writ of Possession forthwith, together

with execution of the Writ, and reasonable attorneys' fees and costs of suit, determination, allowance and assessment of which shall be deferred pending final conclusion of other features of these consolidated actions.

3. Notwithstanding that other claims and counterclaims between the parties remain pending and untried, there is no just reason for delay and it is expressly directed that final judgment as aforesaid be entered forthwith, in accordance with Rule 54(b), Hawaii Rules of Civil Procedure. To the extent necessary or appropriate, it is further determined, pursuant to § 641-1(b), Hawaii Revised Statutes, that an interlocutory appeal from such judgment is advisable for the speedy determination of this litigation, and the same should be allowed to Defendants.

Judgment was entered on the same day and Writ of Possession was also docketed. Defendant-appellant Liza's subsequent motion for stay of the writ pending appeal was denied. The Sheriff seized the premises the very same day. No other issues have been litigated. By its terms, the Lease and Operating Agreement entered into between the parties terminated on March 30, 1980. At the time this case was set for oral argument on this limited question, the lease agreement had terminated. Consequently, the issue before us has been rendered moot. This court will not decide moot questions or abstract propositions, or declare principles or rules of law which cannot affect the matter in issue in the case before it. *Murphy v. McKay*, 26 Haw. 171 (1921); *Territory v. Damon*, 44 Haw. 557, 356 P.2d 386 (1960).

Accordingly, this interlocutory appeal is dismissed and the case remanded for trial of the remaining issues pending below.

*Ralph E. Corey (Stanley Zipser* with him on the opening brief) for defendants-appellants and defendants-counterclaimants-appellants.

*Tobias C. Tolzmann* for plaintiffs-counterdefendants-appellees.