**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000383**
**28-JUN-2024**
**08:00 AM**
**Dkt. 42 SO**

NO. CAAP-23-0000383

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KIAʻI WAI O WAIʻALEʻALE, an unincorporated association;
FRIENDS OF MĀHĀʻULEPŪ, a nonprofit corporation,
Plaintiffs-Appellants/Appellees,
v.
BOARD OF LAND AND NATURAL RESOURCES,
STATE OF HAWAIʻI, Defendant-Appellee/Appellant,
and
KAUAʻI ISLAND UTILITY COOPERATIVE, a domestic cooperative
association, Defendant-Appellee/Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CCV-22-0000015)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

The Hawaiʻi Board of Land and Natural Resources (**BLNR**) appeals from the **Final Judgment** for **Kiaʻi Wai** o Waiʻaleʻale and **Friends** of Māhāʻulepū entered by the Environmental Court of the First Circuit on May 8, 2023.[1] BLNR challenges the April 21, 2023 "Findings of Fact, Conclusions of Law and, [sic] **Decision and Order**." We vacate the Decision and Order and reverse the Final Judgment.

On August 11, 2003, BLNR issued a one-year revocable **Permit** to Kauaʻi Island Utility Cooperative (**KIUC**). The Permit let KIUC use water from the north fork of the Wailua River and

---

[1] The Honorable John M. Tonaki presided.

the Waikoko Stream to operate two hydroelectric plants. KIUC applied for a Hawaii Revised Statutes (**HRS**) § 171-58 long-term water lease in 2004. KIUC's lease application remains pending. BLNR has continued the Permit annually since 2003 under HRS § 171-55.[2]

BLNR held a public meeting on December 11, 2020, about continuing the Permit for 2021. BLNR approved continuing the Permit. On December 19, 2020, Kiaʻi Wai and Friends petitioned BLNR for contested case hearings. Those petitions were agenda item D-1 for BLNR's December 10, 2021 public meeting. BLNR denied the petitions.

Agenda item D-2 for the 2021 public meeting included continuation of the Permit for 2022. Kiaʻi Wai and Friends orally requested a contested case hearing. BLNR denied the request and approved the continuation for 2022.

Kiaʻi Wai and Friends appealed to the Environmental Court on January 6, 2022. By letter dated October 25, 2022, KIUC notified BLNR it would not seek another continuation of the Permit. The court requested additional briefing on mootness.[3] KIUC filed a brief. So did Kiaʻi Wai and Friends. BLNR took no position.

The Decision and Order was entered on April 21, 2023. The Environmental Court concluded the "capable of repetition, yet evading review" exception to the mootness doctrine applied. It held that BLNR violated Kiaʻi Wai's and Friends' due process rights when it denied their contested case petitions. It vacated BLNR's continuations of the Permit for 2021 and 2022. The Final

---

[2] The Permit states it was issued "pursuant to [HRS] section 171-58" but that statute doesn't apply; HRS § 171-55 (2011) does. <u>Carmichael v. Bd. of Land & Nat. Res.</u>, 150 Hawaiʻi 547, 562-63, 506 P.3d 211, 226-27 (2022).

[3] The Environmental Court, sitting as an appellate court under Hawaii Revised Statutes § 91-14, could consider matters outside the record before BLNR if the parties do not challenge the accuracy of the documents or facts that show mootness. <u>Queen Emma Found. v. Tatibouet</u>, 123 Hawaiʻi 500, 507 n.8, 236 P.3d 1236, 1243 n.8 (App. 2010) (citing <u>Anderson v. Cain</u>, 27 Haw. 415, 419 (Haw. Terr. 1923) (concluding that facts that do not appear on the record, but which show that an appeal has been rendered moot, "may be proved by extrinsic evidence")).

Judgment was entered on May 8, 2023.  BLNR appeals.[4]  In this secondary appeal, we apply the standards of HRS § 91-14(g) to BLNR's decisions to determine whether the Environmental Court was right or wrong.  Flores v. Bd. of Land & Nat. Res., 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018) (citation omitted).

**I.**

BLNR cites Community Associations of Hualalai, Inc. v. Leeward Planning Commission, 150 Hawaiʻi 241, 500 P.3d 426 (2021), to argue that "petitions for contested case hearings must assert 'injury in fact' standing."  In that case the supreme court stated that standing to appeal an agency's decision and order in a contested case is evaluated "using the 'injury in fact' test requiring: (1) an actual or threatened injury, which, (2) is traceable to the challenged action, and (3) is likely to be remedied by favorable judicial action."  Id. at 258, 500 P.3d at 443 (citation omitted).

Here, Kiaʻi Wai and Friends had property interests in a clean and healthful environment, protected under article XI, section 9 of the Hawaiʻi Constitution, as defined by HRS § 171-55 (2011) and HRS Chapter 343 (2010) (the Hawaiʻi Environmental Policy Act), in the matters before BLNR.  Sierra Club v. Bd. of Land & Nat. Res., ___ Hawaiʻi ___, ___, ___ P.3d ___, ___, 2024 WL 1596193, at *10-11 (App. 2024).  Their protected property interests were potentially injured by BLNR's denial of their petitions and requests for contested case hearings.  That potential injury could be remedied by favorable judicial action.  Kiaʻi Wai and Friends had standing to appeal to the Environmental Court from BLNR's denials of their petitions and requests for contested case hearings.

**II.**

To decide whether Kiaʻi Wai and Friends were entitled to contested case hearings, the Environmental Court had to

---

[4]    KIUC is a nominal appellee.  It did not file a brief.

balance (a) the risk of an erroneous deprivation of Kiaʻi Wai's and Friends' constitutionally protected property interests, through the procedures actually used by BLNR and the probable value, if any, of additional or alternative procedural safeguards afforded by a contested case hearing, with (b) the governmental interest, including the burden that a contested case hearing would entail.  Flores, 143 Hawaiʻi at 126-27, 424 P.3d at 481-82.  The record does not contain information about the procedures actually used by BLNR for the 2020 public meeting concerning the 2021 continuation.

Hawaiʻi Rules of Civil Procedure Rule 72(d) required that Kiaʻi Wai and Friends designate the material for the agency to file in the circuit court in connection with the appeal.  Kiaʻi Wai and Friends' designation referred to BLNR's "December 12, 2020 meeting[.]"  BLNR's certificate accompanying the transmittal of the record stated: "there are no records for a December 12, 2020 board meeting as none was held on that date[.]"[5]  Kiaʻi Wai and Friends did not move to supplement the record.  "The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error." Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995).  We are unable to balance the Flores factors because the record does not include evidence of the procedures actually used by BLNR for the 2020 public meeting.  See Sierra Club, 2024 WL 1596193, at *13 (discussing procedures used by BLNR for public meeting).  The Environmental Court's conclusion that constitutional due process required a contested case hearing on continuing the Permit for 2021 was wrong because the record did not include the information necessary for it to balance the Flores factors.[6]

---

[5]     The meeting date was actually December 11, 2020.

[6]     Flores balancing is not required if a statute or rule requires a contested case hearing.  But where constitutional due process is implicated, a court must explain how it balanced the agency's actual procedures and the governmental interest, including the burden that a contested case hearing (continued...)

**III.**

We decline to decide whther Kiaʻi Wai's and Friends' due process rights were violated by BLNR's denial of their requests for a contested case hearing on the 2022 continuation because the sole issue over which we have jurisdiction — whether BLNR should have held contested case hearings on the 2021 and 2022 continuations — is moot and no exceptions to the mootness doctrine apply.

In Hawaiʻi, mootness is an issue of justiciability. State v. Hewitt, 153 Hawaiʻi 33, 42, 526 P.3d 558, 567 (2023). It is properly invoked when "events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal — adverse interest and effective remedy — have been compromised." Lathrop v. Sakatani, 111 Hawaiʻi 307, 313, 141 P.3d 480, 486 (2006) (citations omitted). That is so in this case. The 2021 and 2022 continuations have expired; a remand for BLNR to hold contested case hearings for those years would be meaningless.

Kiaʻi Wai and Friends argued that the capable-of-repetition-yet-evading-review, public-interest, and collateral-consequences exceptions to the mootness doctrine applied. *Capable of repetition, yet evading review* means that a court will not dismiss a case for mootness where a governmental action would evade review because the passage of time would prevent anyone from remaining subject to the action for the time necessary to complete a lawsuit challenging it. Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5, 193 P.3d 839, 843 (2008). In

---

[6](...continued) would entail, against the probable value of additional or alternative procedural safeguards afforded by a contested case hearing. Flores, 143 Hawaiʻi at 126-27, 424 P.3d at 481-82. Here, the Environmental Court recited the ability to cross-examine witnesses and present rebuttal evidence as procedural safeguards afforded by a contested case hearing, but it did not explain how they would have provided additional safeguards to Kiaʻi Wai or Friends under the circumstances of this case. Nor did it consider the governmental interest, including the burden that a contested case hearing would entail under the circumstances of this case. See Sierra Club, 2024 WL 1596193, at *13-16 (balancing Flores factors).

Carmichael v. Board of Land & Natural Resources, 150 Hawaiʻi 547, 561, 506 P.3d 211, 225 (2022), an appeal from a revocable permit continuation fell under this exception.  In Carmichael, the permit did not expire and the permittee would likely request continuations every year pending a decision on its water lease application.  In this appeal, KIUC allowed its Permit to expire.  KIUC stated, and Kiaʻi Wai and Friends do not dispute, that KIUC will not make expensive repairs to its water transmission system unless a long-term water lease is approved.  In the unlikely event KIUC applies for a new revocable permit, Kiaʻi Wai and Friends may request a contested case hearing based on the circumstances existing at that time.  Under the circumstances existing at *this* time, the capable-of-repetition-yet-evading-review exception does not apply.

The factors for analyzing the *public-interest* exception are: (1) the public or private nature of the question presented; (2) the desirability of an authoritative determination for future guidance of public officers; and (3) the likelihood of future recurrence of the question.  Carmichael, 150 Hawaiʻi at 561, 506 P.3d at 225.  The specific issue in this appeal — whether BLNR should have held contested case hearings on the 2021 and 2022 continuations — is not likely to recur because KIUC allowed the Permit to expire and is unlikely to apply for a new one.  The public-interest exception does not apply.

The *collateral-consequences* exception applies when it is reasonably possible that prejudicial collateral consequences will occur because of the challenged action, so that a decision can afford the litigant some practical relief in the future.  Hamilton, 119 Hawaiʻi at 8, 193 P.3d at 846.  Kiaʻi Wai and Friends argued it was "more probable than not that KIUC will continue to unlawfully divert Waikoko and fail to repair and restore structures that are creating erosion[.]"  But the Permit expired; KIUC is no longer permitted to divert Waikoko; and the record indicates that KIUC's water transmission system cannot function without expensive repairs.  KIUC is unlikely to seek a new permit.  In the unlikely event that KIUC does apply for a new

permit, Kiaʻi Wai and Friends may request a contested case hearing based on the circumstances existing at that time.  Under the circumstances existing at this time, the collateral-consequences exception does not apply.

**IV.**

The Environmental Court exceeded its jurisdiction by concluding that "the failure of [BLNR] to issue findings of fact and conclusions of law made it impossible to determine whether [continuation of the Permit] 'served the best interests of the State' pursuant to HRS §[ ]171-58(c)[.]"[7]  BLNR's decisions to continue the Permit for 2021 and 2022 were made in public meetings, not contested cases.  The Environmental Court did not have jurisdiction to review the propriety of those decisions in this HRS § 91-14 appeal.  Sierra Club, 2024 WL 1596193, at *8-9.

For these reasons, the circuit court's April 21, 2023 "Findings of Fact, Conclusions of Law and, [sic] Decision and Order" is vacated and the May 8, 2023 "Final Judgment" is reversed.

DATED: Honolulu, Hawaiʻi, June 28, 2024.

On the briefs:

Colin J. Lau,
Miranda C. Steed,
Deputy Attorneys General,
State of Hawaiʻi,
for Defendant-Appellee/
Appellant Board of
Land and Natural Resources,
State of Hawaiʻi.

Lance D. Collins,
Bianca Isaki,
for Plaintiffs-Appellants/
Appellees Kiaʻi Wai o
Waiʻaleʻale and Friends
of Māhāʻulepū.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[7]     HRS § 171-58 (2011) didn't apply to continuation of the Permit; HRS § 171-55 did.  Carmichael, 150 Hawaiʻi at 562-63, 506 P.3d at 226-27.