**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000095
21-NOV-2025
07:48 AM
Dkt. 58 SO**

NO. CAAP-23-0000095

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

PETER TAISIPIC IRIARTE, Plaintiff-Appellee, v.
MATTHEW REYES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1DRC-22-0004895)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant Matthew Reyes (**Reyes**) appeals from the Writ of Possession and the Judgment for Possession, both entered on December 27, 2022, in favor of Plaintiff-Appellee Peter Iriarte (**Iriarte**) by the District Court of the First Circuit, Waiʻanae Division (**District Court**).[1]

Reyes raises two points of error on appeal, contending the District Court erred when it granted: (1) Iriarte's motion to conform the pleadings to the evidence; and (2) the Writ of Possession.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1] The Honorable Thomas A.K. Haia presided.

the arguments advanced and the issues raised by the parties, we conclude that this appeal must be dismissed as moot.

It is undisputed that the tenancy at issue in this case stems from a lease agreement entered into by and between Reyes and Iriarte's predecessor-in-interest with a 20-year term beginning July 16, 2004, and ending July 16, 2024 (**2004 Lease**).

It is well-settled that:

> A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law. The rule is one of the prudential rules of judicial self-governance founded in concern about the proper — and properly limited — role of the courts in a democratic society. We have said the suit must remain alive throughout the course of litigation to the moment of final appellate disposition to escape the mootness bar.

For Our Rights v. Ige, 151 Hawaiʻi 1, 12, 507 P.3d 531, 542 (App. 2022) (citations omitted).

Mootness is appropriate "where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal — adverse interest and effective remedy — have been compromised." Lathrop v. Sakatani, 111 Hawaiʻi 307, 313, 141 P.3d 480, 486 (2006) (citations omitted).

At no point has either party disputed that the 2004 Lease expired in July of 2024. Consequently, Reyes's interest in the tenancy expired in July of 2024. See Int'l Market Place Corp. v. Liza, Inc., 1 Haw. App. 491, 494, 620 P.2d 765, 768 (1980) ("At the time this case was set for oral argument on this limited question, the lease agreement had terminated. Consequently, the issue before us has been rendered moot."). The only issues raised on appeal concern the termination of Reyes's tenancy, including whether the District Court properly conformed

2

the pleadings to consider whether Reyes was in payment default under the 2004 Lease and whether the District Court erred in issuing the Writ of Possession.  As the 2004 Lease has expired, there is no effective remedy available to restore Reyes's tenancy under the lease.  We conclude this renders the appeal moot and, in light of the limited issues before us and the expiration of the lease, no exceptions to mootness are applicable here.

For these reasons, Reyes's appeal from the December 27, 2022 Writ of Possession and the Judgment for Possession is dismissed as moot.[2]

DATED:  Honolulu, Hawaiʻi, November 21, 2025.

| On the briefs: | /s/ Katherine G. Leonard<br>Presiding Judge |
| --- | --- |
| Keith M. Kiuchi,<br>for Defendant-Appellant. | /s/ Clyde J. Wadsworth<br>Associate Judge |
| Terrence M. Lee<br>(Lee & Martin, LLLP),<br>for Plaintiff-Appellee. | /s/ Kimberly T. Guidry<br>Associate Judge |

---

[2]  This Summary Disposition Order is a dismissal order.  No subsequent judgment will be entered.  <u>See</u> Hawaiʻi Rules of Appellate Procedure Rule 40.1(a)(1).