141 P.3d 480

Naoto **LATHROP** and Glenn Nobuki **Murakami**, individually and as members of **Kiwi Kahala Llc**, a Hawai'i limited liability company, and on behalf of **Kiwi Kahala Llc**, a Hawai'i limited liability company, Plaintiffs–Appellants,

v.

Michael David **SAKATANI**, individually and as a member of Kiwi Kahala Llc, a Hawai'i limited liability company, and as the controlling person of 808 Development Llc, a Hawai'i limited liability company; Michael David Sakatani and Christine Marie Sakatani, as husband and wife; and 808 Development Llc, a Hawai'i limited liability company, Defendants–Appellees,

and

Title Guaranty Escrow Services, Inc., a Hawai'i corporation, as third-party Account Holder of Escrow No. A4–105–0047, established pursuant to that certain Account Control Agreement, dated February 6, 2004; John Does 1–10; Jane Does 1–10; Doe Partnerships 1–10; Doe Corporations 1–10; Doe Entities 1–10; and Doe Governmental Units 1–10, Defendants.

No. 27472.

Supreme Court of Hawai'i.

Aug. 21, 2006.

---

Gary Victor Dubin, Honolulu, on the briefs, for plaintiffs-appellants.

Karin L. Holma, Honolulu, and Amara Harrell (of Bays, Deaver, Lung, Rose & Baba), on the briefs, for defendants-appellees.

MOON, C.J., LEVINSON, ACOBA, and DUFFY, JJ.; and Circuit Judge Graulty, in Place of NAKAYAMA, J., Recused.

Opinion of the Court by MOON, C.J.

The instant appeal is narrowly confined to whether the plaintiffs-appellants Naoto Lathrop and Glenn Nobuki Murakami [hereinafter, collectively, the plaintiffs], members of Kiwi Kahala LLC (Kiwi Kahala), are entitled to record a *lis pendens* (*i.e.*, a notice of an action pending against real property)[1] on 4908 Kahala Avenue, Honolulu, Hawai'i (the Kahala property or the property), formerly owned by defendants-appellees Michael David Sakatani (Michael), who is also a member of Kiwi Kahala, and his spouse, Christine Marie Sakatani (Christine) [hereinafter, Michael and Christine are collectively referred to as the Sakatanis]. Briefly stated, this litigation arises from a bitter partnership dispute between the plaintiffs and Michael. The plaintiffs principally alleged that Michael exerted unauthorized control and management of Kiwi Kahala and fraudulently diverted company assets to himself, the Sakatanis, and/or 808 Development LLC (808 Development), of which Michael is the sole member [hereinafter, the Sakatanis and 808 Development are collectively referred to as the defendants]. The plaintiffs also alleged that the defendants then used Kiwi Kahala's assets and monies for their real estate pur-

---

1. In Hawai'i, the doctrine of *lis pendens* is codified in Hawai'i Revised Statutes (HRS) §§ 501–151 (1993) (land court registered property) and 634–51 (Supp.2005) (non-registered land). HRS § 501–151 authorizes the filing or recording of a *lis pendens* against registered land for actions "affecting the title to real property or the use and occupation thereof or the buildings thereon[.]"

Similarly, HRS § 634–51 authorizes the recording of a *lis pendens* against non-registered land in the bureau of conveyances to provide constructive notice of the pendency of the action to a future purchaser. The terms *lis pendens,* notice of the pending action, and notice of pendency of the action are used interchangeably.

chases and 808 Development's construction projects. The plaintiffs sought, *inter alia,* the dissolution of Kiwi Kahala, an accounting, and the return of Kiwi Kahala's assets, monies, and property.[2] Subsequently, the plaintiffs filed a *lis pendens* upon the Kahala property. However, the Circuit Court of the First Circuit, the Honorable Eden Elizabeth Hifo presiding, expunged the *lis pendens* on August 30, 2005, pursuant to its grant of the defendants' motion to expunge the notice of pendency of the action (the motion to expunge).

On appeal, the plaintiffs raise a single point of error, essentially contending that the circuit court erred in expunging the *lis pendens* because the plaintiffs' complaint specifically sought partial title to, and partial possession of, the Kahala property—and not only money damages or equitable relief—as required by *S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club,* 75 Haw. 480, 510, 866 P.2d 951, 966 (1994) (holding, *inter alia,* that the application of *lis pendens* is restricted to "actions directly seeking to obtain title to or possession of real property" (emphasis omitted)).

Based on the discussion below, we hold that the plaintiffs' appeal be dismissed as moot because the Kahala property has been sold.

## I. BACKGROUND

As previously stated, the plaintiffs and Michael are members of Kiwi Kahala, a member-managed Hawai'i limited liability company formed to purchase, develop, and sell real

estate. The plaintiffs and Michael hold a one-third interest each in Kiwi Kahala.

On May 31, 2005, the plaintiffs filed a complaint against the defendants. The plaintiffs alleged that Michael assumed "control over the books and records and the business, financial, and investments affairs of Kiwi Kahala," without their consent, and, *inter alia,* fraudulently diverted Kiwi Kahala's assets, monies, and property

> into real estate purchases, transactions, and sales, including those of his personally and of the Sakatanis personally and of 808 [Development] personally, and/or into construction projects of 808 [Development], including and/or involving[,] for instance, . . . 4908 Kahala Avenue[.]

Consequently, the plaintiffs, as the majority members of Kiwi Kahala, sought to dissolve Kiwi Kahala, pursuant to HRS §§ 428–801(4)(B) and –801(4)(E) (2004),[3] and to wind up its affairs. The plaintiffs also asserted claims against Michael of, *inter alia,* breach of fiduciary duty, fraud, and breach of contract and prayed for, *inter alia,* an accounting. Moreover, the plaintiffs asserted claims of fraudulent transfers and conveyances against all defendants and sought an imposition of constructive trusts as to "all monies and all personal and real properties" that were allegedly wrongfully diverted to the defendants.[4]

Thereafter, on June 8, 2005, the plaintiffs filed a notice of pendency of the action with the circuit court. The notice provided that,

**2.** Title Guaranty Escrow Services, Inc. (TGES) is also named as a defendant in the complaint inasmuch as it is the holder of a certain sum of monies in escrow for the Sakatanis, which monies allegedly belong to Kiwi Kahala. TGES, however, is not a party to this appeal.

**3.** HRS § 428–801 provides in relevant part:
A limited liability company is dissolved, and its business shall be wound up, upon the occurrence of any of the following events:
. . . .
(4) On application by a member or a dissociated member, upon entry of a judicial decree that:
. . . .
(B) Another member has engaged in conduct relating to the company's business that

> makes it not reasonably practicable to carry on the company's business with that member; [and]
> . . . .
> (E) The managers or members in control of the company have acted, are acting, or will act in a manner that is illegal, oppressive, fraudulent, or unfairly prejudicial to the petitioner[.]

**4.** In answering the complaint, the defendants also counterclaimed against the plaintiffs, essentially alleging similar claims as the plaintiffs of, *inter alia,* breach of fiduciary duty to Kiwi Kahala and its members, the dissolution of Kiwi Kahala, fraud, and breach of contract, for which they likewise sought an accounting.

on May 31, 2005, this civil action was filed by the [p]laintiffs.

The outcome of this case will affect title to the real property ... situated at 4908 Kahala Avenue in the City and County of Honolulu.

The *lis pendens* was immediately recorded at the State of Hawai'i Bureau of Conveyances against the Kahala property,[5] which the Sakatanis owned as tenants by the entirety.[6]

On August 18, 2005, the defendants moved to expunge the *lis pendens*, on the grounds, *inter alia*, that the plaintiffs, in their complaint, did not claim to have any interest concerning or affecting the title or possession of the property, as required under Hawai'i case law and HRS § 634–51.[7] In other words, the defendants averred that the instant lawsuit was not an action for which a *lis pendens* could be filed and that its filing constituted an improper attempt to obtain prejudgment attachment. Further, because the defendants had contracted to sell the property to a third-party buyer and the es-

crow closing was set for August 30, 2005, Michael stated in his declaration that:

If my wife and I do not close the escrow because of the Notice of Pendency of Action, we will have to continue paying the carrying costs on this property until this litigation is finalized.

On April 18, 2006, my Promissory Note ... will be due, and[,] if this litigation is not resolved[,] I will be unable to refinance that mortgage and will go into default.

■ A hearing on the motion to expunge was held on August 24, 2005. On August 30, 2005, the circuit court granted the defendants' motion to expunge. On the next day, the plaintiffs filed their notice of appeal.[8] That same day, August 31, 2005, the plaintiffs filed with this court, and recorded at the State Bureau of Conveyances, a second *lis pendens* on the Kahala property. In response, the defendants filed another motion to expunge with this court, which was granted on November 21, 2005.

---

5. As previously stated, Hawai'i law authorizes the filing of notice of pendency of a lawsuit, or *lis pendens*, to render constructive notice of the suit to purchasers of real property. HRS § 634–51 provides in relevant part:

> In any action concerning real property or affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, ... may record in the bureau of conveyances a notice of the pendency of the action.... From and after the time of recording the notice, a person who becomes a purchaser or incumbrancer of the property affected shall be deemed to have constructive notice of the pendency of the action and be bound by any judgment entered therein if the person claims through a party to the action[.]

6. In mid–2005, the Sakatanis owed over $4,000,000 on the property and were making monthly interest-only payments of $33,175.16.

7. This court interpreted HRS § 634–51 in *S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club*, 75 Haw. 480, 866 P.2d 951 (1994), and held that:

> [A] *lis pendens* may *only* be filed in connection with an action (1) "concerning real property," (2) "affecting title" to real property, or (3) "affecting ... the right of possession of real property." *Kaapu v. Aloha Tower Dev. Corp.*, 72 Haw. 267, 269–70, 814 P.2d 396, 397 (1991) (citing HRS § 634–51).

*Id.* at 505, 866 P.2d at 964 (emphasis and ellipsis in original). Therefore, "the doctrine of *lis pen-*

*dens* protect[s] a plaintiff from having his or her claim to the property defeated by the subsequent alienation of the property to a bona fide purchaser during the course of the lawsuit." *Id.* at 508, 866 P.2d at 965 (citation omitted); *see also TSA Int'l Ltd. v. Shimizu Corp.*, 92 Hawai'i 243, 266, 990 P.2d 713, 736 (1999). This court, consequently, concluded that:

> the *lis pendens* statute must be strictly construed and that the application of *lis pendens* *should be limited to actions directly seeking to obtain title to or possession of real property.*

*S.Utsunomiya Enterprises*, 75 Haw. at 510, 866 P.2d at 966 (some emphasis added and some in original).

8. An order expunging a *lis pendens* is immediately appealable as a final order under the collateral order doctrine. Such an order

> conclusively resolves whether the *lis pendens* should or should not be cancelled because nothing further in the suit can affect the validity of the notice. The order cancelling the *lis pendens* does not address the merits of the underlying claim. And if the movant had to wait until final judgment on the underlying claim, the realty could be sold before the issue was resolved, thereby rendering the order unreviewable.

*Knauer v. Foote*, 101 Hawai'i 81, 85, 63 P.3d 389, 393 (2003) (citations omitted) (holding that an order expunging a *lis pendens* is a collateral order, and, thus, this court has jurisdiction over the appeal).

## II. STANDARD OF REVIEW

▮ "Whether a *lis pendens* should be expunged is a question to be resolved in the exercise of the trial court's discretion; accordingly, the trial court's decision is reviewed for an abuse of that discretion." *S. Utsunomiya v. Moomuku Country Club*, 75 Haw. 480, 504, 866 P.2d 951, 964 (1994) (citations omitted). "In determining the validity of a *lis pendens*, courts have generally restricted their review to the face of the complaint." *Id.* at 505, 866 P.2d at 964 (citations omitted).

*Knauer*, 101 Hawai'i at 83, 63 P.3d at 391; *see also TSA Int'l Ltd.*, 92 Hawai'i at 253, 990 P.2d at 723. "The [circuit] court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Ranger Ins. Co. v. Hinshaw*, 103 Hawai'i 26, 30, 79 P.3d 119, 123 (2003) (citation omitted). Stated differently, an abuse of discretion occurs where "the [circuit] court has clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Roxas v. Marcos*, 89 Hawai'i 91, 115, 969 P.2d 1209, 1233 (1998) (citation and internal quotations marks omitted).

## III. DISCUSSION

As previously stated, the plaintiffs maintain that the *lis pendens* was valid under Hawai'i law and, thus, the circuit court erred in granting the motion to expunge. Specifically, the plaintiffs argue that their complaint clearly indicates that they are not seeking only money damages or equitable relief, but also partial title to and partial possession of the Kahala property to the extent that their partnership monies purchased the aforesaid property and/or the construction materials that are now a part of the property. In response, the defendants contend that: (1) the plaintiffs' appeal is moot inasmuch as, during the pendency of this appeal, the Kahala property was sold, thereby preventing this court from granting any effective relief; and (2) the circuit court did not abuse its discretion when it expunged the *lis pendens* because the plaintiffs' complaint does not concern title to or possession of real property, and there is no allegation that Kiwi Kahala owned the property. The plaintiffs, in their reply brief, counter that the sale was fraudulent. Moreover, they argue that, even assuming that the sale renders moot the issue presented on appeal, this court nevertheless should decide the matter because it falls within an exception to the mootness doctrine.

▮ "This court has long held that jurisdiction is the base requirement for any court resolving a dispute because[,] without jurisdiction, the court has no authority to consider the case." *TSA Int'l Ltd.*, 92 Hawai'i at 265, 990 P.2d at 735 (internal quotation marks and citations omitted). Further,

[t]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.

Courts will not consume time deciding abstract propositions of law or moot cases, and have no jurisdiction to do so.

*Wong v. Bd. of Regents, Univ. of Hawai'i*, 62 Haw. 391, 394–95, 616 P.2d 201, 204 (1980) (citations omitted). This court further reasoned that "the objection to deciding moot cases was that the judgment of the court could not be carried into effect, or that relief was impossible to grant." *Id.* at 395, 616 P.2d at 204. Inasmuch as this court does not have jurisdiction to "decid[e] abstract propositions of law or moot cases," *id.* (citation omitted), we examine the mootness question in light of the defendants' argument, *i.e.*, whether the sale of the Kahala property renders the plaintiffs' appeal regarding the removal of the *lis pendens* moot.

▮ It is well-established that:

The mootness doctrine is said to encompass the circumstances that destroy the justiciability of a suit previously suitable for determination. Put another way, the suit must remain alive throughout the course of litigation to the moment of final appellate disposition. Its chief purpose is to assure that the adversary system, once

set in operation, remains properly fueled. The doctrine seems appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal—adverse interest and effective remedy—have been compromised.

*Id.* at 394, 616 P.2d 201, 203–04 (1980); *see also Okada Trucking Co. v. Bd. of Water Supply,* 99 Hawai'i 191, 195–96, 53 P.3d 799, 803–04 (2002); *Kona Old Hawaiian Trails Group v. Lyman,* 69 Haw. 81, 87, 734 P.2d 161, 165 (1987).

 In the instant case, the defendants insist that the doctrine of mootness precludes this court from deciding this appeal because the Kahala property was sold to a third-party purchaser, and, thus, "there is no longer an effective remedy available to the [plaintiffs] or an adverse interest between the parties." Specifically, the defendants argue:

> First, assuming arguendo, [the plaintiffs] were to prevail, the only remedy available to them would be to allow [the plaintiffs] to file a *lis pendens* against the Sakatanis' Kahala property. Because, however, the Sakatanis' Kahala property was sold, that remedy is no longer available. Second, because the Sakatanis no longer own the property, they are no longer in conflict with [the plaintiffs] over whether or not a *lis pendens* should be placed on the Kahala property.

Although the plaintiffs do not dispute the fact that the property has been sold, they maintain that "[the] sale was merely to a straw buyer, constituting yet another fraud on [the plaintiffs] and now on this [court.]" They argue that the sale was "phony" and was entered into by the defendants in an attempt to defeat the plaintiffs' recovery while looking for real buyers.[9]

Issues surrounding the sale of the property—fraudulent or not—are not before this court in this appeal. The only issue before

this court is whether the circuit court erred in expunging the *lis pendens. See State v. Harper,* 1 Haw.App. 481, 484, 620 P.2d 1087, 1090 (1980) ("the scope of the review of appellate courts is limited to issues preserved and raised on appeal"). Even assuming, but not agreeing, that the circuit court erred in granting the defendants motion to expunge, the plaintiffs would not be able to record another *lis pendens* upon the Kahala property inasmuch as the property has been sold and the Sakatanis do not hold title to it. *See Chirco v. Gateway Oaks, LLC,* 384 F.3d 307, 308–09 (6th Cir.2004) (dismissing the plaintiff's appeal of the removal of his *lis pendens* upon the defendant's condominium because "the selling of [the defendant's] condominium[ ] renders the *lis pendens* issue moot"). Accordingly, the sale of the property prevents the appellate court from granting any effective relief. *See Chaney v. Minneapolis Cmty. Dev. Agency,* 641 N.W.2d 328, 335 (Minn.Ct.App.2002) (dismissing the appeal as moot because "the property [the plaintiffs] seek is owned by others unaffected by the[ ] proceedings").

 Moreover, "it is appellant's burden to seek a stay if post-appeal transactions could render the appeal moot." *In re Gotcha Int'l L.P.,* 311 B.R. 250, 255 (B.A.P. 9th Cir.2004) (citing *In re Filtercorp, Inc.,* 163 F.3d 570, 576–77 (9th Cir.1998)); *see also In re Onouli–Kona Land Co.,* 846 F.2d 1170, 1174 (9th Cir.1988) [hereinafter, *Onouli–Kona*] (also noting that "[t]he burden of obtaining a stay pending appeal ... falls on [the] individual parties"). In *Onouli–Kona,* a bankruptcy case, the United States Court of Appeals for the Ninth Circuit held that a notice of *lis pendens* does not serve the same function as a stay and does not preserve the requirement of a live case or controversy. *Id.* at 1175. In that case, which challenged the confirmation of a foreclosure sale, the Ninth Circuit determined that the sale of the

9. In support of this argument, the plaintiffs attached to their reply brief a letter, dated April 20, 2006, from the third-party buyer who was also involved in another foreclosure case, to the circuit court. The third-party buyer stated that the property has been sold and that he no longer had any interest in the property. The aforementioned letter, however, is not part of the record and cannot be considered by this court simply because it is attached to a brief. HRS § 641–2 (Supp.2005) ("Every appeal shall be taken on the record, and no new evidence shall be introduced in the supreme court.").

property during the pendency of the appeal rendered the case moot, despite the filing of a notice of *lis pendens* because "filing of *lis pendens* does not substitute for [d]ebtor's failure to obtain a stay." *Id.; see also In re the Brickyard*, 735 F.2d 1154, 1158 (9th Cir. 1984), *implicitly overruled on other grounds by In re Sweet Transfer & Storage, Inc.*, 896 F.2d 1189 (1990).

In this jurisdiction, Hawai'i Rules of Civil Procedure (HRCP) Rule 62 (2004) provides the means for an appellant to obtain a stay pending appeal. HRCP Rule 62 states in relevant part:

> (c) <u>Injunction pending appeal</u>. When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

> (d) <u>Stay upon appeal</u>. When an appeal is taken[,] the appellant by giving a supersedeas bond may obtain a stay.... The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

> ....

> (g) <u>Power of supreme court and intermediate court of appeals not limited</u>. **The provisions in this rule do not limit any power of the supreme court** or of the intermediate court of appeals or of a justice or judge thereof **to stay proceedings during the pendency of an appeal** or to suspend, modify, restore, or grant an injunction during the pendency of an appeal **or make any order appropriate to preserve the status quo** or the effectiveness of the judgment subsequently to be entered.

(Underscored emphases in original.) (Bold emphases added.) Here, the plaintiffs failed to seek a stay on the execution of the circuit court's order expunging the *lis pendens*

pending the disposition of the appeal. In addition, the plaintiffs were aware that a sale transaction had been scheduled. *See, e.g., United States v. Certain Real and Personal Prop. Belonging to Hayes*, 943 F.2d 1292, 1294 (11th Cir.1991) (failure to request a stay of execution pending appeal or to post supersedeas bond, combined with subsequent sale of the property to third-party deprived the court of *in rem* jurisdiction); *Chun v. Bd. of Trs. of Employees' Ret. Sys. of the State of Hawai'i*, 106 Hawai'i 416, 429, 106 P.3d 339, 352 (2005) (the defendant sought a stay of proceedings to enforce post-judgment order pending appeal); *MDG Supply, Inc. v. Diversified Invs., Inc.*, 51 Haw. 480, 482, 463 P.2d 530, 532 (1969) (the defendant moved, pursuant to HRCP Rule 62(g), for a stay of the foreclosure sale pending appeal);. Such failure permitted the defendants to proceed with the sale transaction.[10] Consequently, the completed sale rendered the plaintiffs' appeal moot.

 Alternatively and assuming this court holds that the issue presented by this appeal is moot, the plaintiffs urge this court to consider the exceptions to the mootness doctrine.

> There is a well settled exception to the rule that appellate courts will not consider moot questions. *When the question involved [ (1) ] affects the public interest, and [ (2) ] it is likely in the nature of things that similar questions arising in the future would likewise become moot before a needed authoritative determination by an appellate court can be made, the exception is invoked.*

*Johnston v. Ing*, 50 Haw. 379, 381, 441 P.2d 138, 140 (1968) (emphasis added). In other words, the case must involve questions that affect the public interest and are "capable of repetition, yet evading review." *Carl Corp. v. State of Hawai'i, Dep't of Educ.*, 93 Hawai'i 155, 165, 997 P.2d 567, 577 (2000) (internal quotation marks and citation omitted).

Among the criteria considered in determining existence of the requisite degree of

---

**10.** The plaintiffs could have also sought an injunction to prevent the sale if, as they allege, the sale was fraudulent; they did not.

public interest are the public or private nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question.

*Okada Trucking Co.*, 99 Hawai'i at 196–97, 53 P.3d at 804–05 (internal quotation marks and citation omitted).

Here, the plaintiffs argue that the issue whether they are entitled to file a *lis pendens* on real property to which they are seeking only partial title and partial possession (1) affects the public interest because there "is [a] need to clarify the . . . doctrine" as announced in *S. Utsunomiya Enterprises;* and (2) "is likely to reoccur and to become moot again and again without appellate consideration becoming possible." The plaintiffs, however, do not advance any reason for this court to clarify *S. Utsunomiya Enterprises.* The plaintiffs simply state that such clarity is necessary to "protect those cases like this that fall in between the broad common law doctrine and the restrictive view adopted in [*S. Utsunomiya Enterprises* ]." We fail to see how the question posed here is of public concern when this court in *S. Utsunomiya Enterprises* has provided the clear guidance that "the application of *lis pendens should be limited to actions directly seeking to obtain title to or possession of real property* [,]" 75 Haw. at 510, 866 P.2d at 966 (some emphasis added and some in original), and such holding has been followed by subsequent cases, *see, e.g., Knauer v. Foote,* 101 Hawai'i 81, 63 P.3d 389 (2003); *TSA Int'l Ltd. v. Shimuzu Corp.,* 92 Hawai'i 243, 990 P.2d 713 (1999); *In re 2003 and 2007 Ala Wai Blvd., City and County of Honolulu,* 85 Hawai'i 398, 944 P.2d 1341 (App.1997), *over-*

*ruled on other grounds by Knauer v. Foote,* 101 Hawai'i 81, 63 P.3d 389 (2003).

Further, with respect to whether the issue is "capable of repetition, yet evading review," *Carl Corp.,* 93 Hawai'i at 165, 997 P.2d at 577 (internal quotation marks and citation omitted), this court has stated that

[t]he phrase, "capable of repetition, yet evading review," means that "a court will not dismiss a case on the grounds of mootness where a challenged governmental action would evade full review because the passage of time would prevent any single plaintiff from remaining subject to the restriction complained of for the period necessary to complete the lawsuit."

*Id.* (some internal quotation marks and citation omitted). As previously discussed, the plaintiffs permitted the sale of the property to go through by failing to either seek a stay of the August 30, 2005 order expunging the *lis pendens* or an injunction to block the sale of the property based upon their allegations of fraud. Had they done so, the issue before this court would not have evaded review. However, because they did not avail themselves of the mechanisms that would have preserved the issue for review, we are compelled to hold that the issue is moot and the exceptions to the mootness doctrine do not apply.

## IV. CONCLUSION

Based on the foregoing, we dismiss the plaintiffs' appeal as moot.