LAW LIBRARY

NO. 28505



IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

143 NENUE HOLDINGS, LLC, a Hawaii limited liability company, Plaintiff-Appellee, v. SUZANNE BONDS, aka Suzanne Duong Bonds, Defendant-Appellant

SUZANNE BONDS, Counterclaimant-Appellant v. 143 NENUE HOLDINGS, LLC, a Hawaii limited liability company, Counterclaim Defendant/Crossclaimant-Appellee, and AMERIQUEST MORTGAGE COMPANY, a Delaware corporation, Additional Counterclaim Defendant/Crossclaim Defendant-Appellee and RONALD G.S. AU; RYAN G.S. AU; and NATALIE AU, Additional Counterclaim Defendants-Appellees, and FREDDIE FRANCO; ALALA MANAGEMENT, LLC, a Hawaii limited liability company; and DOES 1 THROUGH 20, Additional Counterclaim Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Civ. No. 05-1-0377)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Counterclaimant-Appellant Suzanne Bonds (Bonds) appeals from the March 23, 2007 amended final judgment of the Circuit Court of the First Circuit (circuit court).[1]

After a careful review of the issues raised, arguments advanced, applicable law, and the record in the instant case, we resolve Bonds's appeal as follows:

I.

During the pendency of Bonds's appeals in related appeal Nos. 27659 and 27833, (1) Addtional Counterclaim Defendants Ronald G.S. Au, Ryan G.S. Au, and Natalie Au (collectively Au) moved to dismiss the counterclaims against them, (2) Plaintiff-Counterclaim Defendant/Crossclaimant-Appellee

---

[1] The Honorable Karen S.S. Ahn presided.

Nenue Holdings, LLC. (Nenue) moved for summary judgment as to count 13 of Bonds's counterclaim, and (3) Additional Counterclaim Defendant/Crossclaim Defendant-Appellee Ameriquest Mortgage Company (Ameriquest) moved for summary judgment as to count 5 of Bonds's counterclaim. The circuit court granted all three motions and entered judgment in the movants' favor (April 18, 2006 judgment). However, subsequent to Bonds's notice of appeal from the April 18, 2006 judgment, docketed as SC No. 27892, the Supreme Court dismissed SC No. 27892 for lack of appellate jurisdiction due to the April 18, 2006 judgment's failure to satisfy the requirements of Hawaii Revised Statutes (HRS) § 641-1(a) (1993). The circuit court entered an amended final judgment (March 23, 2007 judgment):

1.    in favor of Nenue as to all claims in the complaint;

2.    in favor of Nenue, dismissing with prejudice Bonds's counterclaim counts 10 (Superior Title) and 13 (Injunctive Relief Against Section 667-5 as Unconstitutional), and dismissing without prejudice counts 11 (Unfair and Deceptive Acts and Practices), 12 (Infliction of Severe Emotional Distress), 14 (Organized Criminal Racketeering), and 15 (Punitive Damages);

3.    in favor of Ameriquest, dismissing with prejudice Bonds's counterclaim counts 1 (Breach of Written Contract), 2 (Breach of the Implied Covenant of Good Faith and Fair Dealing), 3 (Wrongful Non-judicial Foreclosure), 4 (Rescission and Reformation Based on Adhesion Clauses), 5 (Injunctive Relief Against Section 667-5 as Unconstitutional), 6 (Unfair and Deceptive Acts and Practices), 7 (Infliction of Severe Emotional Distress), 8 (Punitive Damages), and 9 (Rescission Based on Federal Truth-in-Lending Act Violations);

2

4.   dismissing without prejudice all claims raised in Bonds's counterclaim against Alala and Franco; and

5.   in favor of Au as to all claims raised in Bonds's counterclaim against Au.

Bonds filed a notice of appeal from the March 23, 2007 amended judgment, resulting in the present appeal.

## II.

Bonds argues that the circuit court's actions constituted state action, subjecting its decisions to constitutional scrutiny, and the circuit court deprived Bonds of her constitutional right to due process of law and to the equal protection of the law in violation of both Section 5 of Article I of the Hawaii State Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

## III.

This appeal involves Bonds's "constitutional claim" -- counterclaim counts 5 and 13 against Ameriquest and Nenue -- which alleged:

> BONDS seeks an order of this Court enjoining the enforcement [of Nenue's title to the property] and declaring Section 667-5 of the Hawaii Revised Statutes unconstitutional pursuant to both the United States Constitution and the Hawaii State Constitution as an unfair deprivation of economic rights, on its face and/or as applied, as "state action" in its enforcement, depriving BONDS of her federal and/or state procedural due process of law rights, lacking minimum procedural due process protections for borrowers in this State, as exemplified in the factual circumstances of this case, were said [nonjudicial sale of/nonjudicially transferred title to] her Land Court property otherwise to be upheld.

In granting Ameriquest and Nenue's motions for summary judgment as to counts 5 and 13, the circuit court based its decision, in the first place, on mootness, citing to HRS § 501-118 (2006) and Aames Funding Corp. v. Mores, 107 Hawai'i 95, 110 P.3d 1042 (2005); however, the circuit court also rejected the merits of Bonds's constitutional claim, citing to Apao v. Bank of New York, 324 F.3d 1091 (9th Cir. 2003), and ruled her claim was

barred by *res judicata*, citing to <u>Foytik v. Chandler</u>, 88 Hawai'i 307, 966 P.2d 619 (1998).

Bonds has failed to show error in the circuit court's grant of summary judgment and consequent entry of judgment in Ameriquest and Nenue's favor. In light of <u>Aames Funding</u> and HRS § 501-118, Ameriquest and Nenue were entitled to judgment as a matter of law as Bonds failed to successfully impeach the foreclosure action before a certificate of title had been issued in Nenue's favor.

In <u>Aames Funding</u>, the Hawai'i Supreme Court "surmised from the text of HRS § 501-118[2] that a mortgagor's right to impeach any foreclosure proceeding is expressly limited to the period before entry of a new certificate of title." 107 Hawai'i at 101, 110 P.3d at 1048 (internal quotation marks, brackets, and ellipses omitted; footnote added). Once the certificate of title was recorded with the Land Court, title to the property became "conclusive and unimpeachable." <u>Id.</u> at 103, 110 P.3d at 1050. Therefore, "defenses to mortgages foreclosed upon by exercise of

---

[2] HRS § 501-118 states:

> Mortgages of registered land may be foreclosed like mortgages of unregistered land.
>
> In case of foreclosure by action, a certified copy of the final judgment of the court confirming the sale may be filed or recorded with the assistant registrar or the deputy after the time for appealing therefrom has expired and the purchaser shall thereupon be entitled to the entry of a new certificate.
>
> In case of foreclosure by exercising the power of sale without a previous judgment, the affidavit required by chapter 667 shall be recorded with the assistant registrar. The purchaser or the purchaser's assigns at the foreclosure sale may thereupon at any time present the deed under the power of sale to the assistant registrar for recording and obtain a new certificate. Nothing in this chapter shall be construed to prevent the mortgagor or other person in interest from directly impeaching by action or otherwise, any foreclosure proceedings affecting registered land, prior to the entry of a new certificate of title.
>
> After a new certificate of title has been entered, no judgment recovered on the mortgage note for any balance due thereon shall operate to open the foreclosure or affect the title to registered land.

the mortgagee's power of sale must be raised 'prior to the entry of a new certificate of title.'" Id. at 102, 110 P.3d at 1049.

Here, Bonds did not challenge the foreclosure sale until after the certificate of title granting Nenue the title to the property was recorded in the Land Court, thus title to the property in Nenue became "conclusive and unimpeachable."

Because this court does not have jurisdiction to decide abstract propositions of law or moot cases, the merits of Bonds's claims will not be addressed. Lathrop v. Sakatani, 111 Hawai'i 307, 141 P.3d 480 (2006).

## IV.

Accordingly, the Circuit Court of the First Circuit's March 23, 2007 amended final judgment is affirmed.

DATED: Honolulu, Hawai'i, May 27, 2010

On the briefs:

Gary V. Dubin
for Defendant-Counterclaimant-
Appellant.

*Craig H. Nakamura*

Chief Judge

Wayne Nasser,
Kirk W. Caldwell, and
Michael R. Vieira,
(Asford & Wriston)
for Plaintiff-Counterclaim
Defendant/Crossclaimant-
Appellee 143 Nenue Holdings,
LLC. and Additional
Counterclaim Defendants-
Appellees Freddie Franco and
Alala Management, LLC.

Associate Judge

Associate Judge

Jade Lynne Ching,
Laura P. Couch,
(Alston Hunt Floyd & Ing),
for Additional Counterclaim
Defendant/Crossclaim
Defendant-Appellee Ameriquest
Mortgage Company.