LAW LIBRARY

NO. 28802

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CIVIL NO. 07-1-0529
In the Matter of UNITED PUBLIC WORKERS,
AFSCME, LOCAL 646, AFL-CIO, Complainant-Appellant,
and
KENNETH NAKAMATSU, Director, Department of
Human Resources, City and County of Honolulu and
Mufi Hannemann, Mayor, City and County
of Honolulu (2006-027), Respondents-Appellees,
and
HAWAII LABOR RELATIONS BOARD,
JAMES B. NICHOLSON, NORMAN K KATO II, and
SARAH R. HIRAKAMI, Agency-Appellees.[1]

CIVIL NO. 07-1-0612
In the Matter of UNITED PUBLIC WORKERS,
AFSCME, Local 646, AFL-CIO, Complainant Appellee-Appellant,
and
KENNETH NAKAMATSU, Director, Department of
Human Resources, City and County of Honolulu and
Mufi Hannemann, Mayor, City and County
of Honolulu (2006-027), Respondents Appellants-Appellees,
and
HAWAII LABOR RELATIONS BOARD,
JAMES B. NICHOLSON, NORMAN K KATO II, and
SARAH R. HIRAKAMI, Agency Appellees-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley, Leonard, JJ.)

In this secondary appeal arising out of a dispute over alleged prohibited labor practices, Plaintiff-Appellant United Public Workers, AFSCME, Local 646, AFL-CIO (UPW) appeals from the "Judgment of Remand" filed on October 10, 2007, in the Circuit Court of the First Circuit (circuit court).[2] Both UPW and Defendants-Appellees the Mayor and the Director of the Department of Human Resources, City and County of Honolulu, (collectively, "Employer") appealed to the circuit court from a decision (Order

_____

[1] Pursuant to Hawai'i Rules of Appellate Procedure Rule 43(c) (2000), we have substituted the current public officers as parties.

[2] The Honorable Sabrina S. McKenna presided.

No. 2432) issued by the Hawaii Labor Relations Board (HLRB), and the appeals were consolidated. The circuit court remanded the case regarding Order No. 2432 to the HLRB for further consideration in light of a stay order issued by this court in a closely related appeal, Appeal No. 27962. On March 19, 2010, we issued a memorandum opinion in Appeal No. 27962, In re United Public Workers, AFSCME, Local 646, AFL-CIO, No. 27962, 2010 WL 1057102 (Hawai'i App. Mar. 19, 2010).

On appeal, UPW asserts that the circuit court erred in refusing to decide the validity of Order No. 2432 on the merits and remanding the case regarding Order No. 2432 to the HLRB. For the reasons discussed below, we vacate the circuit court's "Judgment of Remand" and remand the case to the circuit court with directions to remand the case to the HLRB for reconsideration and further proceedings in light of our decision in Appeal No. 27962.

I.

The instant appeal and Appeal No. 27962 arise out of the following underlying facts, which are summarized below:

A.

Gregory Ortiz ("Ortiz"), a member of UPW, was employed by the City and County of Honolulu (City) as Heavy Truck Driver I in the Road Maintenance Division of the Department of Facilities Maintenance. Ortiz was discharged from his position as a Heavy Truck Driver I for unauthorized use of a City vehicle. UPW filed a grievance challenging the discharge. An arbitrator ruled that the discharge sanction was too severe and ordered that Ortiz be reinstated. Ortiz returned to work, but on that day was required to undergo a "pre-employment" controlled substances test before being permitted to engage in safety-sensitive functions as a heavy truck driver. Ortiz failed the controlled substances test and was later terminated.

UPW filed a prohibited practices complaint against Employer, alleging, among other things, that by requiring Ortiz to undergo the "pre-employment" controlled substances test,

Employer did not comply with the arbitrator's order to reinstate Ortiz. The HLRB ruled in Decision No. 452 that (1) UPW did not prove that Employer failed to comply with the arbitration award and committed a prohibited practice by subjecting Ortiz to "pre-employment" drug testing; and (2) Employer had committed a prohibited practice by refusing to negotiate or consult with UPW on appropriate subjects, namely, "procedures for drug testing employees returning to work after 30 days and/or who have been removed from the random testing pool." The HLRB ordered Employer (1) to cease and desist from taking unilateral actions on matters subject to the negotiations process and deal with the UPW appropriately and (2) on the matter of drug testing, to negotiate modifications to Section 63.04 a. of the collective bargaining agreement (CBA) to conform with United States Department of Transportation (DOT) Rules § 382.301[3/] for commercial driver's license (CDL) drivers.

UPW and Employer each appealed the HLRB's Decision No. 452 to the circuit court, which consolidated the two appeals. The circuit court subsequently affirmed the HLRB's decision and entered its judgment. UPW and Employer appealed the circuit court's judgment to this court and the appeal was docketed as Appeal No. 27962. We will refer to the proceedings in the HLRB that resulted in Decision No. 452 and the proceedings in the circuit court and this court arising out of Decision No. 452 as "Ortiz I."

B.

Employer moved this court for a stay of enforcement of the HLRB's Decision No. 452 pending appeal. This court denied without prejudice Employer's motion for stay of enforcement because Employer did not initially seek relief from the circuit court and Employer failed to demonstrate that application to the circuit court for relief was not practicable. Employer

---

[3/] The HLRB's erroneous reference to DOT Rules § 382.102 was later corrected by the circuit court to DOT Rules § 382.301, which is set forth at 49 C.F.R. § 382.301.

subsequently moved the circuit court for a stay of enforcement, which the circuit court denied. Employer again filed a motion for stay of enforcement pending appeal with this court.

C.

Meanwhile, after the circuit court affirmed the HLRB's Decision No. 452 in Ortiz I, UPW sent Employer a letter reiterating its request to negotiate modifications to the CBA in accordance with the HLRB's Decision No. 452 and requesting further information in connection with the bargaining request to be produced by Employer. Employer responded that discussions regarding the requested negotiations should not take place until the parties were able to obtain a ruling on the Employer's motion for stay of enforcement in Ortiz I; Employer also requested the legal bases for the UPW's request for information.

As a result, UPW filed a second prohibited practices complaint against Employer with the HLRB, alleging violations of Hawaii Revised Statutes (HRS) § 89-13(a)(5) and (7).[4] UPW contended that Employer breached its statutory duty to negotiate in good faith and failed to comply with the remedial order of the HLRB in Decision No. 452, because Employer refused to negotiate modifications to the CBA and failed to provide the requested information necessary for the negotiations.

UPW moved for summary judgment on the second prohibited practices complaint. On March 6, 2007, the HLRB issued Order No. 2432, ruling that Employer breached its duty to bargain in good

---

[4] Hawaii Revised Statutes (HRS) § 89-13(a) (Supp. 2009) provides, in relevant part:

> (a) It shall be a prohibited practice for a public employer or its designated representative wilfully to:
>
> . . . .
>
> (5)    Refuse to bargain collectively in good faith with the exclusive representative as required in section 89-9;
>
> . . . .
>
> (7)    Refuse or fail to comply with any provision of this chapter[.]

faith by (1) refusing to meet, confer, and negotiate modifications to Section 63.04 a. of the CBA to conform with DOT Rule 382.301 as previously ordered and (2) failing to provide the requested information for the purposes of negotiations, both in violation of HRS § 89-13(a)(5). The HLRB dismissed UPW's prohibited practice claims based upon an alleged violation of HRS § 89-13(a)(7). The HLRB ordered Employer to cease and desist from continuing to engage in "the foregoing prohibited practices"; provide UPW with the requested information; and meet and confer with UPW "to negotiate over modifications to Section 63.04a [of the CBA] to conform with DOT Rule 382.301 in accordance with [HLRB] Decision [No.] 452, as modified and corrected by the First Circuit Court."

One day after the HLRB issued Order No. 2432, this court issued a ruling on Employer's motion for stay of enforcement in Ortiz I. We granted a stay of the circuit court's judgment affirming the HLRB's Decision No. 452 and the part of the HLRB's Decision No. 452 that ordered Employer to negotiate modifications to Section 63.04 a. of the CBA to conform with DOT rules for CDL drivers with respect to drug testing.

D.

UPW and Employer both appealed the HLRB's Order No. 2432 to the circuit court, which consolidated the two appeals. We will refer to the proceedings in the HLRB that resulted in Order No. 2432 and the proceedings in the circuit court and this court arising out of Order No. 2432 as "Ortiz II." On October 10, 2007, the circuit court issued its "Judgment of Remand" pursuant to its order remanding the case regarding the HLRB's Order No. 2432 to the HLRB. In its order remanding the case, the circuit court found in relevant part:

> After reviewing the entire record and considering the written submissions of the parties and oral arguments presented, the Court finds the ripeness doctrine prevents it at this time from deciding the issue raised on appeal by [UPW]. The Court further finds that it is unclear what the [HLRB] . . . would have done if the stay issued by the Intermediate Court of Appeals . . . in [Appeal] No. 27962 had been granted the day before.

5

Accordingly, IT IS HEREBY ORDERED that this case is remanded to the [HLRB] for further consideration by the Board to take proceedings consistent with the stay issued by the ICA in [Appeal] No. 27962.

## II.

## A.

On appeal, UPW argues that the circuit court erred by declining to review the HLRB's Order No. 2432 on the merits and (1) applying the ripeness doctrine as a basis for remand; (2) failing to consider the effect of its ruling on public employees; and (3) exceeding its authority in instructing the HLRB on remand to recognize the stay issued by the ICA in Ortiz I.

In our memorandum opinion in Ortiz I, we concluded in relevant part that: (1) the HLRB was correct in denying UPW's claim that Employer failed to comply with the arbitration award and committed a prohibited practice by subjecting Ortiz to "pre-employment" drug testing; and (2) the HLRB was partially correct and partially wrong in determining that Employer did commit a prohibited practice by breaching its duty to negotiate and consult with UPW regarding certain drug-testing procedures. Accordingly, we affirmed in part and vacated in part the circuit court's judgment affirming the HLRB's Decision No. 452. Significant to the instant appeal, we concluded in pertinent part as follows:

> 1. We vacate the circuit court's Judgment to the extent that it affirmed: (a) the HLRB's decision that Employer committed a prohibited practice based on (i) Section 63.01 b. of the CBA or (ii) an alleged unilateral change by Employer of the conditions of employment set forth in Section 63.04 a. of the CBA by removing employees from the random drug testing pool; and (b) the resulting order of the HLRB that Employer negotiate modifications to Section 63.04 a. to conform with DOT Rules § 382.301.

> 2. We affirm the circuit court's Judgment to the extent it affirmed the HLRB's decision that Employer committed a prohibited practice by breaching Employer's duty to negotiate and consult with UPW when Employer failed to respond to UPW's letter requesting a modification to Section 63.04 a. of the CBA.

B.

We conclude that this case (Ortiz II) should be remanded to the HLRB to reconsider its Order No. 2432 in light of our decision in Ortiz I. In Ortiz I, we effectively vacated a significant portion of the HLRB's Decision No. 452, which UPW sought to enforce and relied upon in its prohibited practices claims in Ortiz II, and we remanded the case (Ortiz I) for further proceedings consistent with our decision. In the HLRB's Order No. 2432 in Ortiz II, the HLRB ordered Employer "to negotiate [with UPW] over modifications to Section 63.04a [of the CBA] to conform with DOT Rule 382.301 in accordance with [HLRB] Decision [No.] 452, as modified and corrected by the First Circuit Court." However, in Ortiz I, we concluded that "the HLRB was not justified in ordering Employer to negotiate modifications to Section 63.04 a. to conform with DOT Rules § 382.301" (emphasis in original), and we vacated the circuit court's judgment to the extent that it affirmed "the resulting order of the HLRB that Employer negotiate modifications to Section 63.04 a. to conform with DOT Rules § 382.301." Accordingly, in Ortiz I, we invalidated a portion of the HLRB's Decision No. 452 upon which the HLRB's Order No. 2432 in Ortiz II was based.

In addition, in Ortiz I, we concluded that Employer breached its duty to negotiate and consult with UPW by failing to respond to UPW's letter, which advised Employer of UPW's desire to negotiate and consult over a requested modification to Section 63.04 a. of the CBA regarding "[t]he issue of whether an employee who was discharged pending grievance or will be absent from work for more than thirty days would be permitted to remain in the random drug testing pool and thus be exempt from having to undergo a controlled substances test before resuming safety-sensitive functions . . . ." We affirmed the circuit court's judgment to the extent "it affirmed the HLRB's decision that Employer committed a prohibited practice by breaching Employer's

duty to negotiate and consult with UPW when Employer failed to respond to UPW's letter requesting a modification to Section 63.04 a. of the CBA." Ortiz I therefore clarified the nature and scope of Employer's duty to negotiate and consult which may affect the HLRB's evaluation of issues raised in Ortiz II.

Accordingly, we vacate the circuit court's "Judgment of Remand," and we remand the case to the circuit court with directions to remand the case to the HLRB for reconsideration and further proceedings in light of our decision in Ortiz I.

We conclude that our decision in Ortiz I and our decision to send this case back to the HLRB to reconsider its Order No. 2432 in light of Ortiz I renders moot the issues raised by UPW in this appeal. UPW argues on appeal that the circuit court erred by refusing to address the validity of the HLRB's Order No. 2432 on the merits and instead remanding the case to the HLRB. As noted, however, in Ortiz I, we invalidated a portion of the HLRB's Decision No. 452 upon which the HLRB's Order No. 2432 was based. Our decision in Ortiz I means that the assumptions underlying the HLRB's Order No. 2432 have changed, and the HLRB will need to reevaluate its decision in Ortiz II in light of our decision in Ortiz I. Accordingly, the remedy sought by UPW--to have the circuit court rule on the merits of the HLRB's Order No. 2432--has been compromised by subsequent events. See Lathrop v. Sakatani, 111 Hawai'i 307, 312-13, 141 P.3d 480, 485-86 (2006) ("The [mootness] doctrine seems appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal--adverse interest and effective remedy--have been compromised." (Block quote format and citation omitted.)).

III.

Based on the foregoing, we vacate the circuit court's October 10, 2007, "Judgment of Remand," and we remand the case to the circuit court with directions to remand the case to the HLRB

for reconsideration and further proceedings in light of our decision in Ortiz I.

DATED:   Honolulu, Hawaiʻi, July 7, 2010.

On the briefs:

Herbert R. Takahashi
Rebecca L. Covert
(Takahashi Vasconcellos &
  Covert)
for Complainant-Appellant/
Complainant Appellee-Appellant

John S. Mukai
Deputy Corporation Counsel
City and County of Honolulu
for Respondents-Appellees/
Respondents Appellants-Appellees

Valri Lei Kunimoto
for Agency-Appellees/
Agency Appellees-Appellees

Chief Judge

Associate Judge

Associate Judge