**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000237**
**24-AUG-2021**
**07:55 AM**
**Dkt. 51 SO**

NO. CAAP-18-0000237

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
MYOUNG RICHARDSON, Defendant-Appellee,
and
EUNMI KIM, ULSUN LEE, SUNG HEE BRIDGE, and
KYUNG STRAIN, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1CPC-17-0000520)


**SUMMARY DISPOSITION ORDER**
(By:  Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Plaintiff-Appellant **State** of Hawaiʻi appeals from the "Findings of Fact, Conclusions of Law and Order Granting Motion to Dismiss Count 2 as Being Unconstitutionally Overbroad as to Defendant Myoung Richardson" (**Constitutionality Dismissal Order**) entered by the Circuit Court of the First Circuit on February 28, 2018.[1]  For the reasons explained below, the State's appeal is moot and must be dismissed for lack of appellate jurisdiction.

On April 27, 2017, a grand jury indicted Defendant-Appellee Myoung **Richardson** and others for unlawful ownership or operation of business in violation of Hawaii Revised Statutes (**HRS**) §§ 842-2(3) and 842-3 (Counts 1 and 2), promoting prostitution in the second degree in violation of HRS § 712-1203 (Count 3), and promoting prostitution in violation of HRS § 712-1203 (Count 4) (**Indictment**).  Richardson was charged in Count 2 only.

---

[1]    The Honorable Rom A. Trader presided.

On October 2, 2017, Richardson filed a motion to dismiss the Indictment, contending that HRS § 842-2 was unconstitutionally vague and/or overbroad.  The circuit court granted the motion, entering the Constitutionality Dismissal Order on February 28, 2018.  On March 28, 2018, the State filed a timely notice of appeal from the Constitutionality Dismissal Order.

Also on October 2, 2017, Richardson's co-defendant Sung Hee **Bridge** filed a motion to dismiss all counts of the Indictment.  Richardson filed a "**Joinder** in Defendant Bridge's Motion to Dismiss All Counts" on December 8, 2017.  On February 28, 2018, the circuit court entered "Findings of Fact, Conclusions of Law and Order Granting Motion to Dismiss All Counts Filed by Defendant Bridge and Joined by Defendant Myoung Richardson's [sic] for Insufficient Evidence (Ground #1) Against Defendant Richardson as to Count 2" (**Joinder Dismissal Order**).  The Joinder Dismissal Order dismissed Count 2 of the Indictment as to Richardson only.

The State could have appealed from the Joinder Dismissal Order.  HRS § 641-13(1) (2016); see State v. Stan's Contracting, Inc., 111 Hawai‘i 17, 19-22, 137 P.3d 331, 333-36 (2006) (affirming circuit court's dismissal of count 2 of the indictment through defendants' substantive joinder to co-defendants' motion to dismiss).  The State did not file a notice of appeal from the Joinder Dismissal Order; the time for the State to appeal from the Joinder Dismissal Order has expired, see Rule 4(b)(1) of the Hawai‘i Rules of Appellate Procedure (**HRAP**); the circuit court has not extended the time for the State to appeal from the Joinder Dismissal Order; and the time for the State to file a motion to extend the time to file a notice of appeal from the Joinder Dismissal Order has expired, see HRAP Rule 4(b)(5).

"In general, this court does not have jurisdiction to decide abstract propositions of law or moot cases."  State v. Nakanelua, 134 Hawai‘i 489, 501, 345 P.3d 155, 167 (2015) (cleaned up) (citing Lathrop v. Sakatani, 111 Hawai‘i 307, 312, 141 P.3d 480, 485 (2006)).  "[A] case is moot if the reviewing

court can no longer grant effective relief."  Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007) (cleaned up).  "[M]ootness is an issue of subject matter jurisdiction[,]" Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 4, 193 P.3d 839, 842 (2008), and we are obliged to raise the issue sua sponte, Kapuwai v. City & Cty. of Honolulu, 121 Hawaiʻi 33, 40, 211 P.3d 750, 757 (2009) (concluding even if "the parties do not raise the issue of lack of subject matter jurisdiction, a court sua sponte will.") (cleaned up); see also Pele Def. Fund v. Puna Geothermal Venture, 77 Hawaiʻi 64, 67, 881 P.2d 1210, 1213 (1994) (noting every court must determine "as a threshold matter whether it has jurisdiction to decide the issue presented.") (citation omitted).

The State's appeal from the Constitutionality Dismissal Order is moot; even if we were to vacate the Constitutionality Dismissal Order, prosecution of Count 2 against Richardson would be barred by the Joinder Dismissal Order.  On July 26, 2021, we ordered the State to show cause why this appeal should not be dismissed for lack of appellate jurisdiction due to mootness. The State's response was filed on August 6, 2021.  The State did not argue that any of the recognized exceptions to the mootness doctrine applied.[2]

Based upon the foregoing, this appeal is dismissed for lack of appellate jurisdiction due to mootness.

DATED:  Honolulu, Hawaiʻi, August 24, 2021.

On the briefs:

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

William A. Harrison,
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge

---

[2]     Hawaiʻi recognizes three exceptions to the mootness doctrine: (1) capable of repetition, yet evading review; (2) public interest exception; and (3) collateral consequences exception.  See State v. Kiese, 126 Hawaiʻi 494, 508-09, 273 P.3d 1180, 1194-95 (2012); Hamilton, 119 Hawaiʻi at 5, 10, 193 P.3d at 843, 848; see also Flores v. Ballard, 149 Hawaiʻi 81, 88, 88 n.7, 482 P.3d 544, 551, 551 n.7 (App. 2021).