**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000528
30-DEC-2025
07:55 AM
Dkt. 101 SO**

NO. CAAP-23-0000528

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CENTURY 21 PARADISE INTERNATIONAL, managing agent,
Plaintiff-Appellee, v.
SUSAN KURATA; WILLIE KURATA, Defendants-Appellants, and
CINDY KURATA, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1DRC-23-0000224)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Guidry, JJ.)

Defendants-Appellants Susan Kurata (**Susan**), Willie Kurata, and Cindy Kurata (**Kuratas**) appeal from the September 12, 2023 Judgment for Possession (**Judgment**) and the September 12, 2023 Writ of Possession (**Writ**) entered in favor of Plaintiff-Appellee Century 21 Paradise International, managing agent (**Century 21**), in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]

The Kuratas raise two points of error on appeal, contending that the District Court erred in: (1) entering

---

[1] The Honorable Shellie K. Park-Hoapili entered the Judgment and the Writ; the Honorable William M. Domingo presided over the Kuratas' Motion for Stay Pending Appeal and Century 21's Motion for Summary Judgment.

summary judgment in favor of Century 21; and (2) denying the Kuratas' motion for stay pending appeal.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve the Kuratas' points of error as follows:

(1) The Kuratas argue that the District Court erred in entering summary judgment in favor of Century 21 on two grounds. First, the Kuratas' main argument is that no admissible evidence was presented to establish the existence of a written or oral lease. Second, the Kuratas argue that the District Court erred in denying their request for a continuance pursuant to District Court Rules of Civil Procedure (**DCRCP**) Rule 56(f).

While the Kuratas couch their first argument in terms of "no lease," the gravamen of their argument is that there is no tenancy here because their occupancy of the property located on Rooke Avenue in Honolulu (**Property**), and the payments made by them from 2001 to 2022, arise out of an oral repurchase agreement between Susan and Jean S. Nagao (**Nagao**).

In the Declaration of Susan Kurata (**Kurata Declaration**), Susan avers, *inter alia*, the following. Nagao is her hanai mother who raised her and lives next door to the Property. In 2001, when Susan was facing foreclosure on the Property, Jean and Susan agreed that Jean would acquire a loan to pay off Susan's mortgage, Susan would transfer title to the Property to Jean and make the payments due on that loan until paid in full, at which time Jean would transfer title back to Susan. Jean obtained the loan and Susan conveyed title to Jean's

2

irrevocable trust. Susan avers, and it is undisputed, that Susan and her family continued to reside at the Property. Susan avers that she made all of the necessary payments until the loan was satisfied. Both parties assert that payments were made, but Century 21 characterizes those payments as rent[2] and Susan characterizes them as payments made pursuant to the repurchase agreement.

This is an action for the summary possession of real property, and in asserting that they had an interest in the Property pursuant to a repurchase agreement, the Kuratas have attempted to raise a defense which involves title to real estate. See Ass'n of Apartment Owners of Century Ctr., Inc. v. An, 139 Hawaiʻi 278, 286, 389 P.3d 115, 123 (2016) (holding that an equitable interest created by an agreement of sale is sufficient to put title at issue for the purposes of DCRCP Rule 12.1). Century 21 argues that the Kuratas are clearly disputing the District Court's jurisdiction in accordance with Hawaii Revised Statutes (**HRS**) § 604-5(d) (2016)[3] and did not comply with DCRCP Rule 12.1.

---

[2] The Kuratas make well-founded arguments concerning the admissibility of certain evidence offered by Century 21 concerning these payments, namely paragraph 2 of the Declaration of Kevin Uyeda (**Uyeda**) and Exhibit 2 thereto. Uyeda does not purport to have any personal knowledge of the payments or records of the payments, and Uyeda makes hearsay statements based on what he was "informed and believe[s]" without so much as identifying who "informed him" of events that indisputably occurred before he was purportedly hired in September 2022 to manage the Property. Uyeda did not, for example, identify who created Exhibit 2, but vaguely asserted it was the Defendants. On appeal, Century 21 admits that Exhibit 2 was not created by the Kuratas, notwithstanding Uyeda's sworn statement to the contrary. The Kuratas objected below, and on appeal, we conclude that the District Court erred in relying on paragraph 2 of the Uyeda declaration and Exhibit 2 to conclude that Century 21 was entitled to judgment as a matter of law.

[3] HRS § 604-5(d) provides in part: "The district courts shall not have cognizance of real action, nor actions in which the title to real estate comes in question[.]"

DCRCP Rule 12.1 states:

> **Rule 12.1.  DEFENSE OF TITLE IN DISTRICT COURTS.**
>       **Pleadings.**  Whenever, in the district court, in defense of an action in the nature of an action for trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

The Kuratas did not raise this issue in a written answer or written motion; rather, they raised it in a written memorandum in opposition to Century 21's summary judgment motion, which opposition was accompanied by the Kurata Declaration. Although not presented in full compliance with DCRCP's requirements, we nevertheless consider whether the Kurata Declaration set forth with sufficient particularity the source, nature, and extent of Susan's claim of a right to title in the Property.  Here, the Kurata Declaration asserted that the source and nature of her interest in the Property was the oral repurchase agreement with Nagao, and included details of the timing and specific circumstances of that agreement and her performance under that agreement.  The extent of Susan's claim to title was stated as arising only if she completed all payment on the Nagao loan.  However, Susan averred that she had in fact fully satisfied the conditions for her right to a transfer of title to the Property, namely the full satisfaction of the payments due on the 2001 loan that Nagao took out to stop the foreclosure on the Property when it was previously owned by Susan.  Century 21 alleged only an oral rental agreement and offered no declaration or other evidence supporting even the most

4

basic terms supporting the existence of a rental agreement, offering only a hearsay declaration of a self-described managing agent for an unidentified principal based on "information and belief" that did not even identify the alleged parties to the oral rental agreement, the monthly rents, or any other term of the alleged rental agreement.

We conclude that the Kurata Declaration sufficiently established that the District Court does not have jurisdiction to determine whether or not Susan has an enforceable right to title in the Property based on the alleged repurchase agreement, notwithstanding that it was attached to an opposition to a motion, rather than a written motion or written answer, thereby creating a genuine issue of material fact as to Century 21's right to summary possession of the Property. Accordingly, and based on the entire record before us, we further conclude that the District Court erred in granting summary judgment in favor of Century 21. In light of this conclusion, we need not reach the Kuratas' other arguments concerning the entry of summary judgment.

(2) The Kuratas argue that the District Court erred in granting their motion for a stay pending appeal. We conclude that the issues raised are moot because on September 13, 2023, this court entered a temporary stay; on February 8, 2024, this court entered an Order Granting in Part Motion for Stay; and on February 16, 2024, this court entered an Order Granting in Part Motion to Modify Terms of Stay on Appeal. An issue is moot "where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two

conditions for justiciability relevant on appeal-adverse interest and effective remedy-have been compromised."  Lathrop v. Sakatani, 111 Hawaiʻi 307, 313, 141 P.3d 480, 486 (2006).  There is no effective remedy for the issues raised by the Kuratas concerning a supersedeas bond and stay pending appeal as the relief sought has already been granted by this court.

For the foregoing reasons, the District Court's September 12, 2023 Judgment and Writ are vacated.  This case is remanded to the District Court for further proceedings consistent with this Summary Disposition Order, *e.g.*, a voluntary dismissal, a written motion to dismiss based on the lack of subject matter jurisdiction, or a *sua sponte* dismissal by the District Court. See Captain Andy's Sailing, Inc. v. Dep't of Land and Nat. Res., 113 Hawaiʻi 184, 194, 150 P.3d 833, 843 (2006).

DATED:  Honolulu, Hawaiʻi, December 30, 2025.

On the briefs:

Frederick J. Arensmeyer,
for Defendants-Appellants.

Allison A. Ito,
Michel A. Okazaki,
(Choi & Ito, AAL), and
Richard A. Yanagi,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge