**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000352
15-OCT-2025
12:46 PM
Dkt. 64 AMORD**

NO. CAAP-23-0000352

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


IN THE MATTER OF THE EXTRADITION OF
CARLOS JESUS MORENO, Respondent-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CSP-23-0000013(1))


AMENDED ORDER DISMISSING APPEAL AS MOOT
(By: Nakasone, Chief Judge, and Leonard and Wadsworth, JJ.)

Upon review of the record, it appears that:

1.  On March 9, 2023, Petitioner-Appellee State of Hawaiʻi (**State**) initiated extradition proceedings in the Circuit Court of the Second (**Circuit Court**) against Respondent-Appellant Carlos Jesus Moreno (**Moreno**), following a Demand for Extradition made by the Pascua Yaqui Tribe (**Tribe**). The Tribe had charged Moreno with six offenses related to an alleged shooting on the Pascua Yaqui Reservation in Arizona.

2.  On March 16, 2023, Moreno filed a Motion to Dismiss Extradition Proceedings (**Motion to Dismiss**), seeking to prevent his extradition on the ground that the Tribe is a sovereign nation, not a state or federal territory covered by the extradition process.

3.  On April 18, 2023, the Circuit Court entered findings of fact, conclusions of law, and an order denying the Motion to Dismiss (**Order**).

4.  On May 19, 2023, Moreno filed a notice of appeal from the Order, creating this appeal.

5. The mootness doctrine applies "where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal — adverse interest and effective remedy — have been compromised." Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5, 193 P.3d 839, 843 (2008) (quoting Lathrop v. Sakatani, 111 Hawaiʻi 307, 312-13, 141 P.3d 480, 485-86 (2006)). "[A] case is moot if the reviewing court can no longer grant effective relief." Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007) (emphasis and original brackets omitted) (quoting Kemp v. State of Hawaiʻi Child Support Enf't Agency, 111 Hawaiʻi 367, 385, 141 P.3d 1014, 1032 (2006)).

6. On August 4, 2025, this court issued an order, which, among other things, took judicial notice of certain federal court records indicating that Moreno may have been transported to the District of Arizona and delivered to the United States marshal for that district, or to another officer authorized to receive him, in connection with an indictment and arrest warrant from the District of Arizona. We ordered: (1) Moreno's counsel in this appeal to file a declaration, affidavit, or other sworn statement indicating whether Moreno has been extradited or otherwise delivered to authorities in Arizona to answer for the alleged offenses on the Pascua Yaqui Reservation and, if so, what his current status is; and (2) the parties, in the event that Moreno has been extradited or otherwise delivered to authorities in Arizona, to file a memorandum addressing whether the issues raised in this appeal are moot.

7. On August 14, 2025, Moreno's counsel, the Office of the Public Defender, filed a Declaration of Counsel by Deputy Public Defender Henry P. Ting (**Ting**). Ting stated that he spoke with Moreno be telephone, who confirmed that United States marshals had seized him and delivered him to authorities in Arizona, where he is currently located. Ting "concedes this appeal is moot because ths Court can no longer grant him effective relief[,]" and states that Moreno agrees. Moreno does not contend that any exception to the mootness doctrine applies.

8. On August 25, 2025, the State filed a memorandum regarding mootness. The State notes that it "can no longer effectuate Moreno's extradition to the Pascua Yaqui Tribe, nor can Moreno obtain relief by preventing his extradition." The State agrees that this appeal is moot.

9. Based on the parties' submissions, we conclude that no effective relief can be granted in this appeal and it is therefore moot.

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed as moot.

DATED: Honolulu, Hawaiʻi, October 15, 2025.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge